**MARTIN D. HOLLY, ESQ. (SBN: 201421)**
Telephone/Facsimile: (213) 419-5063
Email: mholly@rlattorneys.com
**ETHAN L. FLINDERS, ESQ. (SBN: 305347)**
Telephone/Facsimile: (213) 634-3672
Email: eflinders@rlattorneys.com
**RESNICK & LOUIS, P.C.**
515 South Flower Street, 18th Floor
Los Angeles, CA 90071

Attorneys for Defendant TARGET CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ARIA N., an individual, by and through Guardian ad Litem, AZADEH SHIRAZI; and AZADEH SHIRAZI, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota Corporation; DOREL SPORTS, an unincorporated business entity; PACIFIC CYCLE, INC., a Delaware Corporation; SCHWINN BICYCLE CO., an unincorporated business entity; and DOES 1-100,<br><br>Defendants. | CASE NO.  2:21-CV-00453<br><br>(State Case No. 20STCV35920)<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY); DECLARATION OF MARTIN D. HOLLY**<br><br>Complaint Filed: September 21, 2020<br>Trial Date:  N/A |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant TARGET CORPORATION (hereinafter "Target") hereby removes to this Court the state court action described below.

1. On September 21, 2020, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled ARIA N. v.

TARGET CORPORATION, et al., a business entity, and DOES 1 through 100, inclusive, Defendants, as Case Number 20STCV35920 (the "Action").  A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2.    Target was first served a copy of the said Complaint on November 13, 2020, when counsel for Plaintiffs caused to be served, by a process server, a copy of the said Complaint and Summons on CT Corporation System Los Angeles, CA, Agent Authorized to Accept Service of Process.  A true and correct copy of the transmittal of Summons and service of process transmittal is attached hereto as Exhibit "B."

3.    No Statement of Damages or other paper indicating that Plaintiffs' damages exceeded $75,000 were including with the service of the Complaint.  No prelitigation demand was made.

4.    On Friday, January 15, 2021, Plaintiffs filed a First Amended Complaint, which is attached hereto as Exhibit "C."

5.    Target is informed and believes that Plaintiffs were, at the time they filed the Action and still are, citizens of the State of California.

6.    Target Corporation was, at the time of the filing of this action, and still is, a citizen of the State of Minnesota, incorporated under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota.  Both the California Secretary of State and Minnesota Secretary of State identify Target Corporation as a Minnesota Corporation with its principle address at 1000 Nicollet Mall, Minneapolis, Minnesota 55403 on their respective websites.  True and correct copies of search results for Target Corporation on those websites are attached hereto as Exhibit "D."

7.    Defendant Pacific Cycle, Inc. is a citizen of Delaware where it is incorporated, and of Wisconsin, where the headquarters are located (in Madison, Wisconsin). A copy of Defendant Pacific Cycle's corporate information from the California Secretary of State Business Search is attached hereto as Exhibit "E."

/ / /

8.      On November 30, 2020, Plaintiffs filed a Request for Dismissal, dismissing all actions only against Defendant Schwinn Bicycle Co. and Defendant Dorel Sport. A copy of the served Request for Dismissal is attached hereto as "F."

9.      Based on a review of the State Court file as of December 9, 2020, no other Defendant has been named or served with any summons or complaint.

10.     Based upon Plaintiffs' counsel's representations, the amount in controversy exceeds $75,000.  More specifically, in correspondence dated December 7, 2020 from Plaintiffs' counsel to counsel for Defendant Pacific Cycle, Inc., Plaintiffs' counsel indicated that he was unable to stipulate to cap his clients' damages at $75,000 and have the matter remain in state court because their damages exceeded that amount.   A true and correct copy of the aforementioned correspondence, which was previously produced by Defendant Pacific Cycle, Inc., is attached hereto as Exhibit "G."  *Counsel for Defendant Target Corporation was not included on the aforementioned email.  The first time that counsel for Defendant Target Corporation was made aware that Plaintiffs' alleged damages exceeded $75,000 was on December 17, 2020, when Defendant Pacific Cycle, Inc., filed its Notice of Remand.*

11.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332 and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

12.     This Notice of Removal is filed with this Court within 30 days after Target was served Plaintiffs' counsel's correspondence indicating that this case had a value in excess of $75,000.  Therefore, this removal is timely as required by 28 U.S.C. §1446(b) which specifically provides, "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)

removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C.§ 1446 (b).

13.   Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders sent to and received by Target in the State Court action are attached hereto.

14.   I have spoken with counsel Defendant Pacific Cycle, Inc., Andrew Kohn and Carey Eshelman, several times about this removal. *They consented to the removal and indicated that they would be filing a Joinder.* Attached as Exhibit "H" is a true and correct copy of the Declaration of Andrew Kohn Regarding Pacific Cycle, Inc.'s Consent to Target Corporation's Notice of Removal of Action.

Dated: January 15, 2021                    Respectfully Submitted:

RESNICK & LOUIS, P.C.

By:      /s/ *Martin D. Holly*      .
Martin D. Holly
Ethan L. Flinders
Attorneys for Defendant,
TARGET CORPORATION

## DECLARATION OF MARTIN D. HOLLY

I, MARTIN D. HOLLY, declare as follows:

1.     I am an attorney at law duly licensed to practice in the courts of the State of California and am an associate in the firm of Resnick & Louis, P.C., attorneys of record for defendant TARGET CORPORATION (hereinafter "Target").  I have personal knowledge of the matters stated herein and, if called upon to testify as a witness, I could and would competently so testify.

2.     On September 21, 2020, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled ARIA N. v. TARGET CORPORATION, et al., a business entity, and DOES 1 through 100, inclusive, Defendants, as Case Number 20STCV35920 (the "Action").  A true and correct copy of the Complaint is attached hereto as Exhibit "A."

3.     Target was first served a copy of the said Complaint on November 13, 2020, when counsel for Plaintiffs caused to be served, by a process server, a copy of the said complaint and summons on CT Corporation System Los Angeles, CA, Agent Authorized to Accept Service of Process.  A true and correct copy of the transmittal of summons and service of process transmittal is attached hereto as Exhibit "B."

4.     No Statement of Damages or other paper indicating that Plaintiffs' damages exceeded $75,000 were including with the service of the Complaint.  No prelitigation demand was made.

5.     Plaintiffs filed a First Amended Complaint, which is attached hereto as Exhibit "C" on Friday, January 15, 2021.

6.     Target is informed and believes that Plaintiffs were, at the time they filed the Action and still are, citizens of the State of California.

7.     Target Corporation was, at the time of the filing of this action, and still is, a citizen of the State of Minnesota, incorporated under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota.  Both the California Secretary of State and Minnesota Secretary of State identify Target

Corporation as a Minnesota Corporation with its principle address at 1000 Nicollet Mall, Minneapolis, Minnesota 55403 on their respective websites. True and correct copies of search results for Target Corporation on those websites are attached hereto as Exhibit "D."

8.    Defendant Pacific Cycle, Inc. is a citizen of Delaware where it is incorporated, and of Wisconsin, where the headquarters are located (in Madison, Wisconsin). A copy of Defendant Pacific Cycle's corporate information from the California Secretary of State Business Search is attached hereto as Exhibit "E."

9.    On November 30, 2020, Plaintiffs filed a Request for Dismissal, dismissing all actions only against Defendant Schwinn Bicycle Co. and Defendant Dorel Sport. A copy of the served Request for Dismissal is attached hereto as "F."

10.    Based on a review of the State Court file as of December 9, 2020, no other Defendant has been named or served with any summons or complaint.

11.    Based upon Plaintiffs' counsel's representations, the amount in controversy exceeds $75,000. More specifically, in correspondence dated December 7, 2020 from Plaintiffs' counsel to counsel for Defendant Pacific Cycle, Inc., Plaintiffs' counsel indicated that he was unable to stipulate to cap his clients' damages at $75,000 and have the matter remain in state court because their damages exceeded that amount. A true and correct copy of the aforementioned correspondence, which was previously produced by Defendant Pacific Cycle, Inc., is attached hereto as Exhibit "G." *Counsel for Defendant Target Corporation was <u>not</u> included on the aforementioned email. The first time that counsel for Defendant Target Corporation was made aware that Plaintiffs' alleged damages exceeded $75,000 was on <u>December 17, 2020</u>, when Defendant Pacific Cycle, Inc., filed its Notice of Remand.*

12.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332 and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000,

DECLARATION OF MARTIN D. HOLLY

exclusive of interest and costs.

13.    This Notice of Removal is filed with this Court within 30 days after Target was served Plaintiffs' counsel's correspondence indicating that this case had a value in excess of $75,000.  Therefore, this removal is timely as required by 28 U.S.C. §1446(b) which specifically provides, "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C.§ 1446 (b).

14.    Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders sent to and received by Target in the State Court action are attached hereto.

15.    I have spoken with counsel Defendant Pacific Cycle, Inc., Andrew Kohn and Carey Eshelman, several times about this removal.  *They consented to the removal and indicated that they would be filing a Joinder*.  Attached as Exhibit "H" is a true and correct copy of the Declaration of Andrew Kohn Regarding Pacific Cycle, Inc.'s Consent to Target Corporation's Notice of Removal of Action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 15th day of January, 2021, at Los Angeles, California.


     */s/ Martin D. Holly     .*
     Martin D. Holly, Declarant

DECLARATION OF MARTIN D. HOLLY

# EXHIBIT "A"

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**  Fri, Nov 13, 2020

**Server Name:**  Brandon Yadegar

| Entity Served | TARGET CORPORATION |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 20STCV35920 |
| Jurisdiction | CA |



Electronically FILED by Superior Court of California, County of Los Angeles on 10/02/2020 02:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano,Deputy Clerk
20STCV35920

| | SUM-100 |
|---|---|

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TARGET CORPORATION, a Minnesota Corporation; DOREL SPORTS, an unincorporated business entity; PACIFIC CYCLE, INC., a Delaware Corporation; SCHWINN BICYCLE CO., an unincorporated business entity; and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ARIA N., an individual, by and through Guardian ad Litem, AZADEH SHIRAZI; and AZADEH SHIRAZI, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>111 N. HILL ST. , LOS ANGELES, CA 90012 | CASE NUMBER:<br>*(Número del Caso):* **20STCV35920** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ABIR COHEN TREYZON SALO LLP, Justin Eballar, Esq., SBN 294718, 16001 Ventura Blvd., Ste. 200, Encino, CA 91436 (424) 288-4367

DATE: 10/02/2020    Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)*    Clerk, by    M. Mariano    , Deputy
    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

   *Target Corporation, a Minnesota Corporation*
3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Electronically FILED by Superior Court of California, County of Los Angeles on 09/21/2020 10:45 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

Case 2:21-cv-00453  Document 1  Filed 01/15/21  Page 11 of 107  Page ID #:11

20STCV35920

, Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Daniel Crowley

Boris Treyzon, Esq. (SBN 188893)
*btreyzon@actslaw.com*
Douglas A. Rochen, Esq. (SBN 217231)
*drochen@actslaw.com*
Justin Eballar, Esq. (SBN 294718)
*jeballar@actslaw.com*
**ABIR COHEN TREYZON SALO, LLP**
16001 Ventura Blvd, Suite 200
Encino, California 91436
Telephone: (424) 288-4367 | Fax: (424) 288-4368

Attorneys for Plaintiffs
Aria N. by and through *Guardian ad Litem* Azadeh Shirazi, and Azadeh Shirazi

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ARIA N., an individual, by and through *Guardian ad Litem*, AZADEH SHIRAZI; and AZADEH SHIRAZI, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota Corporation; DOREL SPORTS, an unincorporated business entity; PACIFIC CYCLE, INC., a Delaware Corporation; SCHWINN BICYCLE CO., an unincorporated business entity; and DOES 1-100<br><br>Defendants. | Case No.:  20STCV35920<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **NEGLIGENCE**<br><br>2. **STRICT LIABILITY – MANUFACTURING DEFECT**<br><br>3. **STRICT LIABILITY – DESIGN DEFECT**<br><br>4. **STRICT LIABILITY – FAILURE TO WARN**<br><br>5. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**<br><br>6. **VIOLATION OF CONSUMER PRODUCT SAFETY RULES (15 U.S.C. 2072)**<br><br>7. **VIOLATION OF CAL. BUS. & PROF. CODE 17200, *ET SEQ***<br><br>8. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed:<br>Trial Date: |

1

Plaintiff Aria N., by and through his *Guardian ad Litem*, Azadeh Shirazi, and Plaintiff Azadeh Shirazi, by and through their counsel, Abir Cohen Treyzon Salo, LLP, alleges on information and belief as follows:

## I.  PARTIES

1.  At all relevant times, Plaintiff Aria N. is and was minor younger than fourteen years of age and a resident of the State of California, County of Los Angeles.

2.  At all relevant times, Plaintiff Azadeh Shirazi was the mother of Plaintiff Aria and a resident of the State of California, County of Los Angeles.

3.  At all relevant times, Defendant Target Corporation ("Target") was and is a corporation duly organized under the laws of Minnesota, headquartered in Minneapolis, Minnesota where its corporate board and high-level officers direct, control, and coordinate the entity's activities.

4.  Defendant Target Corporation has sufficient minimum contacts in California and has otherwise intentionally availed itself of the California market through its activities marketing, advertising, and sales activities in the State.

5.  At all relevant times, Defendant Dorel Sports was and is a business entity of unknown legal status, headquartered in Norwalk, Connecticut where its corporate board and high-level officers direct, control, and coordinate the entity's activities.

6.  Defendant Dorel Sports designs, manufactures, markets, distributes, and sells brand name bicycles including Schwinn, Mongoose, Cannondale, and more, all which are heavily advertised, marketed, distributed and sold in the State of California. Defendant Dorel Sports has sufficient minimum contacts in California and has otherwise intentionally availed itself of the California market through these activities.

7.  At all relevant times, Defendant Pacific Cycle, Inc. ("Pacific Cycle") was and is a corporation duly organized under the laws of Delaware, headquartered in Madison, Wisconsin where its corporate board and high level officers direct, control, and coordinate the entity's activities.

8.  Defendant Pacific Cycle is a wholly owned division and subsidiary of Defendant

2

Dorel Sports, who, together, are in a joint venture for the manufacture, design, branding, distribution, and sale of bicycles trademarked with the brand names Schwinn, Mongoose, Kid Trax, inStep, and Iron Horse, to and by California retail stores.

9.     Defendant Pacific Cycle designs, manufactures, markets, distributes, and sells brand name bicycles including Schwinn, Mongoose, Kid Trax, inStep, and Iron Horse brand names, all which are heavily advertised, marketed, distributed and sold in the State of California. Defendant Pacific Cycle has sufficient minimum contacts in California and has otherwise intentionally availed itself of the California market through these activities.

10.     At all relevant times, Defendant Schwinn Bicycle Co. ("Schwinn") was and is a business entity of unknown legal status with an unknown domicile. Defendant Schwinn was and is responsible for the trademark, design, manufacture, marketing, distribution, and sale of brand name bicycles under the names Schwinn and Mongoose, each of which are heavily advertised, marketed, distributed and sold in the State of California.  Defendant Schwinn has sufficient minimum contacts in California and has otherwise intentionally availed itself of the California market through these activities.

11.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein under the fictitious names of Does 1 though 100, inclusive, are either unknown to Plaintiffs or, alternatively, the fact or basis of their liability is unknown by Plaintiffs, who, therefore, sue said defendants by such fictitious names. Plaintiffs may seek leave to amend their complaint and insert the true names and capacities of said defendants when the same have been ascertained or when the fact of their respective liability has been established. Plaintiffs are informed and believe and based thereon allege that each defendant designated herein as a "Doe" is legally responsible in some manner, whether negligently, strictly, recklessly, or maliciously, for the events and happenings herein alleged.

12.     At all times herein mentioned, each of the Defendants was the alter ego, agent, servant, partner, aider and abettor, co-conspirator and/or joint venturer of each of the other Defendants herein and was at all times operating and acting within the course and scope of said agency, service, employment, partnership, conspiracy and/or joint venture and rendered

COMPLAINT AND DEMAND FOR JURY TRIAL

1 │ substantial assistance and encouragement to the other Defendants.

2 │     13.    At all times herein mentioned, Defendants were fully informed of the actions of

3 │ their agents, servants, partners, aiders and abettors, co-conspirators, joint venturers, and

4 │ employees, and thereafter no officer, director or managing agent of Defendants and each of them

5 │ repudiated those actions, which failure to repudiate constituted adoption and approval of said

6 │ actions and all Defendants and each of them, thereby ratified those actions.

7 │ <div align="center">**II.    JURISDICTION AND VENUE**</div>

8 │     14.    This Court has jurisdiction over all causes of action asserted.  Each Defendant

9 │ has sufficient minimum contacts in California or otherwise intentionally availed itself of the

10 │ California market through, without limitation, its design, manufacture, advertisement,

11 │ promotion, marketing, distribution, sale, or other participation in the stream of commerce as it

12 │ relates to their bicycle sales in the State of California, including but not limited to the

13 │ manufacture, design, marketing, distribution, and sale of Schwinn Falcon S2000TGI children's

14 │ bicycle at issue in this case.  Defendants' contacts with the State of California are such as to

15 │ render the exercise of jurisdiction over them by the California courts consistent with traditional

16 │ notions of fair play and substantial justice.

17 │     15.    Venue is proper in Los Angeles County under Code of Civil Procedure section

18 │ 395(a) based on the facts, without limitation, that: this Court is a court of competent jurisdiction;

19 │ Plaintiff resides in this county; the personal injury alleged herein occurred in this county;  the

20 │ Target Corporation store where the subject bicycle was purchased is located in this county; and

21 │ all other Defendants conduct substantial business in this county; Defendants' liability arose in

22 │ this county; and a substantial part of the events or omissions giving rise to this action occurred

23 │ in this county.

24 │     16.    This Court has jurisdiction over this matter because the damages alleged herein

25 │ exceed the minimal jurisdictional limit of this Court.  The monetary damages sought by each

26 │ Plaintiff exceeds $25,000 and will be established according to proof.

27 │

28 │ ///

<div align="center">4</div>

<div align="center">**COMPLAINT AND DEMAND FOR JURY TRIAL**</div>

### III.   GENERAL ALLEGATIONS

17.    Prior to May 14, 2020, Defendant Pacific Cycle, in joint venture with Defendants Dorel Sports and Schwinn, entered into a distribution agreement with Defendant Target for the sale of its bicycles, including the Schwinn Falcon S2000TGI children's bicycle ("Schwinn Falcon"). As part of that agreement, Defendant Pacific Cycle agreed to provide several Schwinn Falcon bicycles to Target in a partially assembled form with the front wheel removed.

18.    With knowledge of the dangers of a poorly inspected and poorly assembled bicycle and knowing the bicycle would be ridden by children, Defendant Pacific Cycle provided the partially assembled Schwinn Falcons to Defendant Target without instruction, guidance, training, proof of qualification, and requirements of supervision and accountability as to the proper inspection and assembly of the Schwinn Falcon prior to being sold to consumers.

19.    Prior to May 14, 2020, Defendant Target received a Schwinn Falcon with serial number TOP1115A1 (the "Subject Schwinn Falcon") from Defendant Pacific Cycle at its Westwood, Los Angeles store. Before being sold, Defendant Target, using untrained, unqualified, and poorly supervised personnel, then failed to undertake and/or negligently undertook inspection and assembly of the Schwinn Falcon without tools and without training, instruction, supervision, or protocols from the manufacturer or any other authority, and placed it on the sales floor for sale to customers with an appearance of safety and proper assembly.

20.    Prior to May 14, 2020, Plaintiff purchased the Subject Schwinn Falcon from Defendant Target with the express and implied assurance and appearance that the bicycle had been properly inspected and assembled prior to its sale. Prior to purchase, Plaintiff's parents requested an unassembled, in-box version of the bicycle with all original materials, but were refused and told the bike is only available preassembled. Upon purchase, Plaintiff was provided with the Subject Schwinn Falcon. The sale of the brand-new bicycle did not include a manual, instruction guide, pamphlet, or other literature related to the bike, in violation of Federal regulations and industry standards. The bicycle itself contained no warnings related to inspection or assembly.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

21. The Subject Schwinn Falcon was sold with wheel housings that lacked a positive lock device, axles that were poorly tightened, wheel housing that were unable to withstand a minimal amount of torque, lacked positive retention features that ensure the front hub will not separate from the fork, and a front hub that fails standardized regulatory testing. The Subject Schwinn Falcon also lacked an instruction manual attached to its frame, lacked an instruction manual that included the proper substance, and lacked a frame that identified the month and date of manufacture.

22. These failures to meet the standard of care also violated consumer protection standards and regulations intended to protect consumers from purchasing bicycles unsafe for riding.

23. These failures to meet the standard of care were unapparent and unknowable to any ordinary children's bicycle consumer, including Plaintiff and his parents.

24. On May 14, 2020, while safely and reasonably riding the Subject Schwinn Falcon, on the sidewalk of Loring Avenue near Warner Avenue in the Westwood neighborhood of Los Angeles, California, Plaintiff Aria N., a 9-year-old boy, crashed face first into concrete pavement. The crash occurred as a result of the front wheel and axle coming loose from the front fork housing, causing wobbling and eventually separation of the wheel from the frame of the bike. The preventable crash has caused Plaintiff Aria to suffer serious injuries to his hand and face, including, without limitation, traumatic and long-lasting maxillofacial, endodontic, dental, and orthopedic injuries, among other injuries still unknown.

25. The Subject Schwinn Falcon was purchased by Plaintiff at Defendant Target Corporation's store at 20700 S. Avalon Blvd. in Los Angeles, California ("Carson Target").

## IV.   CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

## NEGLIGENCE

## (AS AGAINST ALL DEFENDANTS)

26. Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

6

27.     At all relevant times, Defendants designed, controlled, manufactured, supplied, assembled, inspected, and sold the Subject Schwinn Falcon.

28.     At all relevant times, Defendants had a duty to ensure that their products placed or caused to be placed into the stream of commerce were reasonably safe, free of defects, reasonably fit and suitable for their intended and foreseeable uses, that they contained adequate warnings and instructions for use, that they conformed to all laws and regulations intended to protect consumers, including, but not limited to consumer product safety rules.

29.     Defendants breached these duties when they failed, at the time of sale and thereafter, to provide Plaintiff and/or Plaintiff's parents with manufacturer manuals and warnings relating to assembly and inspection of the Subject Schwinn Falcon.

30.     Defendants breached these duties when they failed to properly assemble the Subject Schwinn Falcon before its sale to Plaintiff, in violation of industry standards, Federal Hazardous Substances Act regulations, Consumer Protection Safety Act laws, Consumer Protection Safety Act rules and orders, and other laws and standards, including Part 1512 of Title 16 of the Code of Federal Regulations, all of which were designed to protect consumers such as Plaintiff and all those similarly situated to him from the exact harm alleged herein .

31.     Defendants breached these duties when they failed to properly inspect the Subject Schwinn Falcon for safety and compliance with applicable standards before its sale to Plaintiff, in violation of industry standards, Federal Hazardous Substances Act regulations, Consumer Protection Safety Act laws, Consumer Protection Safety Act rules and orders, and other laws and standards, including Part 1512 of Title 16 of the Code of Federal Regulations, all of which were designed to protect consumers such as Plaintiff and all those similarly situated to him from the exact harm alleged herein.

32.     Defendants breached these duties when they failed to ensure that persons and entities responsible for assembling bicycles at the Carson Target location were trained, instructed, qualified, and supervised in a manner that complied with industry standards, Federal Hazardous Substances Act regulations, Consumer Protection Safety Act laws, Consumer Protection Safety Act rules and orders, and other laws and standards, including Part 1512 of

Title 16 of the Code of Federal Regulations, all of which were designed to protect consumers such as Plaintiff and all those similarly situated to him from the exact harm alleged herein.

33.     Defendants breached these duties when, with knowledge or an ability to know of the dangers of riding a poorly assembled bicycle and the likelihood of an improper assembly at Target stores, failed to warn, or in the alternative, failed to adequately warn, or failed to instruct Plaintiff and his parents of such dangers and the steps to take to minimize them.

34.     Defendants' conduct failed to use the amount of care in designing, manufacturing, supplying, inspecting, assembling, and selling the Subject Schwinn Falcon that a reasonably careful designer, manufacturer, supplier, inspector, assembler, and seller would use in the same or similar circumstances to avoid exposing consumers to foreseeable risks of harm. Defendants knew or should have known that an improperly designed, manufactured, or assembled front wheel housing on a child's bicycle is likely to cause a crash and that crashes have a high likelihood of producing injury, many of which are foreseeably severe.  The cost to ensure that the design, manufacturing, and assembly of the Schwinn Falcon's front wheel housing mitigates these risks is low cost.

35.     Furthermore, Defendants' actions violated provisions of the Federal Hazardous Substances Act, the Consumer Safety Protection Act, the Consumer Protection Safety Act regulations, rules and order, and other laws.  Each violation legally and factually caused Plaintiffs' injuries.  Such injuries were and are of a nature that these statutes, laws, rules, and orders were designed to prevent, and Plaintiff was among the class of persons for whose protection these statutes, laws, rules, and orders were adopted.

36.     These acts and omissions by Defendants were substantial factors in directly and proximately causing Plaintiff Aria's severe, long-lasting injuries.

37.     Furthermore, Defendants knew of numerous complaints of poor assembly and manufacturing of bicycles specifically related to Target and other "Big Box" stores, where Defendants distribute, market, and sell their bicycles, including the Schwinn Falcon.  With this knowledge, Defendants, with conscious disregard for the safety of their customers, refused to properly train, instruct, supervise, and otherwise ensure their Schwinn Falcon bicycles sold at

COMPLAINT AND DEMAND FOR JURY TRIAL

Target stores were  assembled by people were qualified to inspect and assemble their bicycles according to industry standard and state and federal laws, regulations, rules, and orders.

38.     Defendants acted with malice and oppression in willingly risking the safety of consumers over changing their policies and agreements to comply with their duties under the law, knowing that some customers, depending on Defendants to comply with laws and safety standards, would suffer serious injuries because of Defendants' avoidably defective manufacturing practices.  Defendants' despicable conduct warrants an award of exemplary, punitive damages under Civil Code section 3294.

<div align="center">

**SECOND CAUSE OF ACTION**

**STRICT PRODUCT LIABILITY – MANUFACTURING DEFECT**

**(AS AGAINST ALL DEFENDANTS)**

</div>

39.     Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

40.     At all relevant times, Defendants Dorel Sports, Pacific Cycle, Schwinn, Target, and Does 1-100 (hereinafter, collectively referred to as "Defendants"), as a joint venture or otherwise, designed, distributed, controlled, manufactured, marketed, inspected, assembled, and sold, Schwinn Falcon children's bicycles to consumers, including Plaintiff Aria and his parents.

41.     At all relevant times, the Subject Schwinn Falcon, which was being used and ridden by Plaintiff Aria in a reasonable and foreseeable manner, was dangerous, unsafe, and defective in its manufacturing, including but not limited to, its assembly. The Subject Schwinn Falcon differed from the manufacturer's intended result and from identical Schwinn Falcons of the same product line in that, among other things, its front wheel housing failed to secure the wheel and wheel hub to the front fork housing of the bicycle during normal, foreseeable riding.

42.     These manufacturing defect(s) were present in the Subject Schwinn Bicycle when it left each Defendant's possession.

43.     These manufacturing defects were a substantial factor in directly and proximately causing Plaintiff Aria's serious and long-lasting injuries.

<div align="center">

9

**COMPLAINT AND DEMAND FOR JURY TRIAL**

</div>

44.     Defendants knew of numerous complaints, over several years, of poor assembly and manufacturing of bicycles specifically related to Target and other "Big Box" stores, where Defendants distribute, market, and sell their bicycles, including the Schwinn Falcon.  With this knowledge, Defendants, with conscious disregard for the safety of their customers, refused to properly train, instruct, supervise, and otherwise ensure their Schwinn Falcon bicycles sold at Target stores were assembled by people were qualified to inspect and assemble their bicycles according to industry standard and state and federal laws, regulations, rules, and orders.

45.     Defendants acted with malice and oppression in willingly risking the safety of consumers over changing their policies and agreements to comply with their duties under the law, knowing that some customers, depending on Defendants to comply with laws and safety standards, would suffer serious injuries because of Defendants' avoidably defective manufacturing practices.  Defendants' despicable conduct warrants an award of exemplary, punitive damages under Civil Code section 3294.

<div align="center">

**THIRD CAUSE OF ACTION**

**STRICT PRODUCT LIABILITY – DESIGN DEFECT**

**(AS AGAINST ALL DEFENDANTS)**

</div>

46.     Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

47.     The Subject Schwinn Falcon was defective in its design because it did not perform as safely as an ordinary consumer would have expected it to perform.

48.     At all relevant times, Defendants designed, fabricated, manufactured, distributed, marketed, and sold the Schwinn Falcon bicycle sold to and used by Plaintiff Aria and his parents.

49.     An ordinary consumer would have expected the preassembled Subject Schwinn Falcon bicycle, when used in a reasonable and foreseeable manner,  to, among other things, (1) have a front wheel, axle, and tire that sits and locks in securely to its front fork in a manner that does not allow the wheel to wobble, wiggle, or separate from the bicycle's frame; (2) uses nuts and bolts that fasten to the front fork of the bike without failing; (3) have a positive locking device that fastens the wheel hub to the frame and remains tightened when torqued to the

<div align="center">

10

**COMPLAINT AND DEMAND FOR JURY TRIAL**

</div>

manufacturer's recommendation; and (4) use a positive retention feature that keeps the wheel on when the locking devices are loosened.

50.     Given that an unstable and/or separating front wheel has a high likelihood of causing a catastrophic fall, the risks of the Schwinn Falcon's design "features" or failures do not outweigh their benefits.

51.     The gravity of the potential harm resulting from the use of the defective Schwinn Falcon is apparent from the injuries in this case which include, without limitation, serious endodontic, maxillofacial, dental, and orthopedic injuries that will affect Plaintiff Aria for years and possibly decades to come.

52.     Given that the design defect in this case involves, among other things, the front wheel of a child's bicycle, which is an obvious critical component of safe bike riding, there is a high likelihood that, if the front wheel fastening mechanism is prone to fail, loosen, insufficiently tighten, or otherwise compromise how securely the front wheel locks into the bike, there is a significant likelihood of a face-forward injury if the wheel loosens, locks up, falls out, or otherwise behaves in any manner other than being securely fastened to the bicycle's frame.

53.     In the past and in the present, there have been hundreds and possibly thousands of adult and child bicycle designs that have highly safe front wheel locking mechanisms and fail-safes to ensure nuts and bolts can be properly torqued, fit the front fork housing properly, implement a positive retention feature as a fail-safe, and otherwise minimize front wheel failure in a manner that Defendants were unable to achieve with the instant Schwinn Falcon.

54.     There are several inexpensive, well-known, and standardized designs that are safe and are also required by law. Defendants gained no advantage in designing a wheel housing that fails to meet this (these) standard(s).

55.     The design defects present in the Schwinn Falcon were a substantial factor in causing Plaintiff's Aria's injuries, both directly and proximately.

56.     Defendants knew of numerous complaints, over several years, of poor assembly and manufacturing of bicycles specifically related to Target and other "Big Box" stores, where Defendants distribute, market, and sell their bicycles, including the Schwinn Falcon. With this

knowledge, Defendants, with conscious disregard for the safety of their customers, refused to properly train, instruct, supervise, and otherwise ensure their Schwinn Falcon bicycles sold at Target stores were assembled by people were qualified to inspect and assemble their bicycles according to industry standard and state and federal laws, regulations, rules, and orders.

57.     Defendants acted with malice and oppression in willingly risking the safety of consumers over changing their policies and agreements to comply with their duties under the law, knowing that some customers, depending on Defendants to comply with laws and safety standards, would suffer serious injuries because of Defendants' avoidably defective manufacturing practices.  Defendants' despicable conduct warrants an award of exemplary, punitive damages under Civil Code section 3294.

**FOURTH CAUSE OF ACTION**

**STRICT PRODUCT LIABILITY – FAILURE TO WARN**

**(AS AGAINST ALL DEFENDANTS)**

58.     Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

59.     The Subject Schwinn Falcon children's bicycle lacked sufficient instructions and warnings of potential risks involved in its operation in violation of industry laws and standards.

60.     At all relevant times, Defendants designed, manufactured, marketed, distributed, and sold the Subject Schwinn Falcon.  The Subject Schwinn Falcon had potential risks that were known and/or knowable in light of the scientific knowledge that was generally accepted in the scientific community at the time the Schwinn Falcon's manufacture, distribution, and sale.

61.     These risks, include, without limitation, the risks of poor assembly by the retail seller, the risks of poor assembly by the manufacturer, the risks of front wheel loosening and/or separation and the best manner for preventing these risks.

62.     Given that the bicycle was sold "preassembled" by Defendants, an ordinary consumer would not have recognized an observable risk of poor assembly that can cause a bicycle front wheel to loosen, wobble, or separate from the frame.

63.     Defendants failed to adequately warn and instruct of these risks.

12

64.     When Defendants designed, manufactured, configured, assembled, marketed, advertised, sold, and provided their Schwinn Falcon children's bicycles, the product contained defects and risks, including the risk of wheel loosening, wheel wobbling, and wheel separation. Such defects were known or knowable by the use of scientific knowledge available at the time to Defendants.

65.     Each known and knowable risk presented a substantial danger when the bicycle is used in an intended or reasonably foreseeable way.

66.     Plaintiffs were not provided with a product manual or any warnings at any relevant time. Even if they had, the warnings within the manual would not have adequately warned Plaintiffs of the particular risks alleged here.

67.     The warnings accompanying the Subject Schwinn Falcon, had they been provided, failed to provide the level of information that an ordinary consumer would expect when using the product in a manner reasonably foreseeable to Defendants.

68.     Defendants failed to provide adequate warnings, instructions, guidelines, or admonitions to members of the consuming public, including Plaintiff Aria and his parents, of the known and knowable design and manufacturing defects that existed in the Subject Schwinn Falcon.

69.     Had Defendants given adequate instructions and warnings related to the assembly and inspection of the Schwinn Falcon, those instructions and warnings could have reduced the risk of harm to members of the public, including Plaintiff.

70.     Defendants knew of numerous complaints, over several years, of poor assembly and manufacturing of bicycles specifically related to Target and other "Big Box" stores, where Defendants distribute, market, and sell their bicycles, including the Schwinn Falcon. With this knowledge, Defendants, with conscious disregard for the safety of their customers, refused to warn their customers of the risks of such poor assembly.

71.     Defendants acted with malice and oppression in willingly risking the safety of consumers over changing their policies and agreements to comply with their duties under the law, knowing that some customers, depending on Defendants to comply with laws and safety

**COMPLAINT AND DEMAND FOR JURY TRIAL**

standards, would suffer serious injuries because of Defendants' avoidably defective manufacturing practices. Defendants' despicable conduct warrants an award of exemplary, punitive damages under Civil Code section 3294.

### FIFTH CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

### (AS AGAINST DEFENDANT TARGET CORPORATION)

72.     Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

73.     Plaintiff Aria's parents bought the Subject Schwinn Falcon from Defendant Target.

74.     At the time of the purchase, Defendant Target was in the business of selling bicycles, including children's bicycles and held itself out as having special knowledge and skill in bicycle sales and bicycle assembly.

75.     The Subject Schwinn Falcon sold to Plaintiff Aria's parents was not of the same quality of a children's bicycle that is generally acceptable in the trade of bicycle riding, was not fit for the ordinary purpose of bicycle riding, did not conform to the quality established by Defendant Target's express and implied representations, did not conform to the quality established by the bicycle industry, and were not merchantable.

76.     Plaintiff did not have reason to believe or know that the Subject Schwinn Falcon was not merchantable until he was injured by the bicycles unmerchantability.

77.     Plaintiff Aria suffered personal injuries because of the Subject Schwinn Falcon's unknown and unapparent unmerchantability.

78.     These design defects were a substantial factor in causing Plaintiff's Aria's injuries, both directly and proximately.

79.     Defendants knew numerous complaints, over several years, of poor assembly and manufacturing of bicycles specifically related to Target and other "Big Box" stores, where Defendants distribute, market, and sell their bicycles, including the Schwinn Falcon. With this knowledge, Defendants, with conscious disregard for the safety of their customers, refused to

14

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1   properly train, instruct, supervise, and otherwise ensure their Schwinn Falcon bicycles sold at

2   Target stores were assembled by people were qualified to inspect and assemble their bicycles

3   according to industry standard and state and federal laws, regulations, rules, and orders.

4         80.     Defendants acted with malice and oppression in willingly risking the safety of

5   consumers over changing their policies and agreements to comply with their duties under the

6   law, knowing that some customers, depending on Defendants to comply with laws and safety

7   standards, would suffer serious injuries because of Defendants' avoidably defective

8   manufacturing practices.  Defendants' despicable conduct warrants an award of exemplary,

9   punitive damages under Civil Code section 3294.

<div align="center">

**SIXTH CAUSE OF ACTION**

**VIOLATION OF CONSUMER PRODUCT SAFETY RULES**

**(15 U.S.C. 2072)**

**(AS AGAINST ALL DEFENDANTS)**

</div>

14        81.     Plaintiff incorporates by reference all previous paragraphs of this Complaint as if

15   fully set forth herein.

16        82.     Part 2072 of Title 15 of the United States Code creates a private right of action

17   for persons who sustain injury by reason of a knowing or willful violation of a consumer

18   product safety rule or any rule or order issued by the Consumer Product Safety Commission.

19        83.     The Consumer Product Safety Commission (CPSC) issues consumer product

20   safety standards, rules, and regulations specifically for bicycles under 16 C.F.R. 1512.

21        84.     Part 1512 of Title 16 of the Code of Federal Regulations sets out requirements

22   for the design, manufacture, and sale of bicycles. It provides, among other things:

23        a.   That wheels shall be secured to the bicycle frame with a positive lock device.

24        b.   That locking devices on threaded axles shall be tightened to the

25             manufacturer's specifications.

26        c.   That non-quick release front wheel locking devices shall withstand

27             application of a torque in the direction of removal of 12.5 foot-pounds.

28

<div align="center">

15

**COMPLAINT AND DEMAND FOR JURY TRIAL**

</div>

      d.  That non-quick release front hubs shall have a positive retention feature that shall be tested in accordance with the front hub retention test under part 1512.18(j)(3), to assure that when the locking devices are released the wheel will not separate from the fork.

      e.  That front wheels shall pass a front hub retention test wherein a force of 25-points is applied to the hub on a line along the slots in the fork ends when the front hub locking devices are released and pass the test by demonstrating that the front hub will not separate from the fork without help from the fenders, mudguards, struts, or brakes.

      f.  That a bicycle shall have an instruction manual attached to its frame or included with the packaged unit.

      g.  That instruction manuals shall include operations and safety instructions, assembly instructions, and maintenance instructions.

      h.  That bicycles shall bear a marking or label secured to the frame in a manner that cannot be removed, identifying the name of the manufacturer and the month and year of manufacture.

85.    Defendants, all sophisticated bicycle designer, manufacturers, assemblers, marketers, and sellers, had notice of each of the foregoing requirements for the manufacture and sale of the Subject Schwinn Falcon at all relevant times before, during, and after manufacture and sale. Nonetheless, Plaintiffs knowingly and willfully violated each of them.

86.    Defendants willful and knowing violations resulted in Plaintiff Aria unknowingly riding a bicycle that was unsafe for its ordinary and foreseeable uses and becoming injured as a result, suffering a broken hand and significant and long-lasting facial, dental, maxillofacial, and endodontic injuries. These injuries greatly exceed $10,000 exclusive of interest, costs, and statutory attorney fees.

87.    Defendants violations were a substantial factor in causing Plaintiff Aria's injuries.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

88.     Defendants knew of numerous complaints, over several years, of poor assembly and manufacturing of bicycles specifically related to Target and other "Big Box" stores, where Defendants distribute, market, and sell their bicycles, including the Schwinn Falcon.  With this knowledge, Defendants, with conscious disregard for the safety of their customers, refused to properly train, instruct, supervise, and otherwise ensure their Schwinn Falcon bicycles sold at Target stores were assembled by people were qualified to inspect and assemble their bicycles according to industry standard and state and federal laws, regulations, rules, and orders.

89.     Defendants acted with malice and oppression in willingly risking the safety of consumers over changing their policies and agreements to comply with their duties under the law, knowing that some customers, depending on Defendants to comply with laws and safety standards, would suffer serious injuries as a result of Defendants' avoidably defective manufacturing practices.  Defendants' despicable conduct warrants an award of exemplary, punitive damages under Civil Code section 3294.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF CAL. BUS. & PROF. CODE 17200, ET SEQ

## (AS AGAINST ALL DEFENDANTS)

90.     Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

91.     California Business and Professions Code section 17200 provides that unfair competition shall mean and include all unlawful, unfair, or fraudulent business practices and unfair, deceptive, untrue or misleading advertising, creating a private right of action when a business violates federal or state statutory or common law.

92.     It is alleged herein that Defendants have violated several laws and regulations, including without limitation, Federal Hazardous Substances Act regulations, Consumer Protection Safety Act laws, Consumer Protection Safety Act rules and orders, and other laws and standards, including Part 1512 of Title 16 of the Code of Federal Regulations pertaining to the manufacture and sale of bicycles. These acts and others, including Defendant's negligent and intentional decisions to manufacture their devices in violation of laws and regulations were

COMPLAINT AND DEMAND FOR JURY TRIAL

1  and are likely to mislead Plaintiffs, constituting unfair business practices under section 17200, *et*

2  *seq.*

3        93.    These practices constitute unlawful, unfair, and/or fraudulent business acts or

4  practices within the meaning of section 17200, as well as unfair, deceptive, untrue, and

5  misleading advertising as prohibited by section 17500 of California's Business and Professions

6  Code.

7        94.    As a result of this conduct, Defendants have been and will be unjustly enriched.

8  Specifically, Defendants have been unjustly enriched by their receipt ill-gotten gains for their

9  manufacture, design, sale, promotion, marketing, assembly, and sale of their Schwinn Falcon

10  bicycles, as a result of the acts and omissions alleged herein.  Defendants have been unjustly

11  enriched by their receipt these ill-gotten gains in the form of revenues and profits from the sale

12  of these devices in California.

13        95.    Plaintiffs seek an order, pursuant to California Business and Professions Code

14  section 17203, compelling Defendants to disgorge the monies collected and profits realized by

15  them as a result of their unfair business practices.

16        96.    This action is necessary to enforce important rights affecting the public interest

17  and will confer a significant pecuniary or nonpecuniary benefit on the general public.  This

18  action replaces the necessity and financial burden of private enforcement, warranting attorney

19  fees under Code of Civil Procedure section 1021.5.  Such fees should not, in the interest of

20  justice, be paid out of the recovery of Plaintiffs.

21  <div align="center">**EIGHTH CAUSE OF ACTION**</div>

22  <div align="center">**NELIGENT INFLICTION OF EMOTIONAL DISTRESS --BYSTANDER**</div>

23  <div align="center">**(AS AGAINST ALL DEFENDANTS)**</div>

24        97.    Plaintiff incorporates by reference all previous paragraphs of this Complaint as if

25  fully set forth herein.

26        98.    Plaintiff Azadeh Shirazi suffered serious emotional distress as a result of

27  perceiving an injury to her son, Plaintiff Aria N.

28

<div align="center">18</div>

<div align="center">**COMPLAINT AND DEMAND FOR JURY TRIAL**</div>

1        99.    When Plaintiff Aria N. was thrown off of his bike and suffered serious, long-

2 lasting injuries, Plaintiff Shirazi was present at the scene and contemporaneously witnessed her

3 9-year-old child's face strike the concrete and the resulting facial, dental, and maxillofacial

4 injuries that immediately followed.  Plaintiff Shirazi, at all times relevant, was aware that the

5 crash was causing serious injury to her son, Plaintiff Aria N.

6       100.   As a result of this experience, Plaintiff Shirazi suffered serious emotional

7 distress.

8       101.   Defendants' negligence in their design, manufacture, assembly, and failures to

9 warn related to the Subject Schwinn Falcon are the actual and proximate cause of Plaintiff

10 Shirazi's serious emotional distress, including but not limited to her suffering, anguish, fright,

11 horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.  These emotions were

12 felt in a manner in which an ordinary, reasonable person would be unable to cope with it.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 ///

28 ///

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## V.    PRAYER FOR RELIEF

Wherefore, Plaintiffs Aria N. by and through his *Guardian ad Litem*, Azadeh Shirazi, and Azadeh Shirazi, as an individual, request that the Court enter an order of judgment against Defendants Target Corporation, Dorel Sports, Pacific Cycle, Schwinn Bicycle Co., and DOES 1-100 as follows:

1.    For general damages in an amount according to proof;

2.    For special damages in an amount according to proof;

3.    For disgorgement of ill-gotten gains;

4.    For post-judgment interest at the legal rate;

5.    For costs of suit incurred;

6.    For attorney fees pursuant to 15 U.S.C. 2072 and Code of Civil Procedure section 1021.5

7.    For exemplary or punitive damages;

8.    For any other damages to which Plaintiff is entitled under any applicable law; and

9.    For any other and further relief as this Court deems just a proper.

Dated: September 4, 2020                **ABIR COHEN TREYZON SALO, LLP**

By: _____
Boris Treyzon, Esq.
Douglas A. Rochen, Esq.
Justin Eballar, Esq.
Attorneys for Plaintiffs Aria N.,
by and through *Guardian ad Litem*,
Azadeh Shirazi and Azadeh Shirazi, as an
individual

///

20

**COMPLAINT AND DEMAND FOR JURY TRIAL**

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all claims and causes of action in this lawsuit.

Dated: September 4, 2020

**ABIR COHEN TREYZON SALO, LLP**

By: _____
Boris Treyzon, Esq.
Douglas A. Rochen, Esq.
Justin Eballar, Esq.
Attorneys for Plaintiffs Aria N.,
by and through *Guardian ad Litem*,
Azadeh Shirazi and Azadeh Shirazi, as an
individual

21

COMPLAINT AND DEMAND FOR JURY TRIAL

Electronically FILED by Superior Court of California, County of Los Angeles on 09/21/2020 05:05 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Justin Eballar, Esq (SBN 294718)<br>Abir Cohen Treyzon Salo, LLP<br>16001 Ventura Blvd. Suite 200<br>Encino, CA 91436<br>  TELEPHONE NO.: 424-288-4367   FAX NO.: 424-288-4368<br>ATTORNEY FOR *(Name):* Plaintiff, Aria Nouri | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: Samc
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME:
Aria N. v. Target Corporation , Et. Al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | **20STCV35920**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☑ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 8
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 18, 2020
Justin Eballar, Esq.
_____ ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Save This Form     Print This Form     Clear This Form

| SHORT TITLE Nouri v. Target Corporation | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☑ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, (11) |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: Nouri v. Target Corporation | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Nouri v. Target Corporation | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Nouri v. Target Corporation | CASE NUMBER |
| --- | --- |

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☒ 11. | ADDRESS:<br>Warner Ave. and Loring Ave. |
| --- | --- |
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90024 | |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: September 18, 2020

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CIV-010

Electronically Received 09/21/2020 10:45 AM

Electronically Received 09/21/2020 10:45 AM

| | |
|---|---|
| **ATTORNEY** *(Name, State Bar number, and address):*<br>Justin Eballar, Esq. SBN [294718]<br>ABIR COHEN TREYZON SALO, LLP<br>16001 Ventura Blvd., Suite 200, Encino, CA 91436<br><br>    TELEPHONE NO.: (424) 288-4367    FAX NO. *(Optional):* (424) 288-7529<br>  E-MAIL ADDRESS *(Optional):* jeballar@actslaw.com<br>    ATTORNEY FOR *(Name):* Plaintiffs, Aria N., Azadeh Shirazi | *FOR COURT USE ONLY*<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**09/24/2020**<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: _____ M. Valenzuela _____ Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles

STREET ADDRESS: 111 N. Hill St.

MAILING ADDRESS: Same

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Central

PLAINTIFF/PETITIONER: Aria N., Azadeh Shirazi

DEFENDANT/RESPONDENT: Target Corporation, et al.

| | |
|---|---|
| **APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>[X] EX PARTE** | CASE NUMBER:<br>**20STCV35920** |

***NOTE:** This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name):* Azadeh Shirazi                                    is
   a. [X] the parent of *(name):* Aria N.
   b. [ ] the guardian of *(name):*
   c. [ ] the conservator of *(name):*
   d. [ ] a party to the suit.
   e. [ ] the minor to be represented *(if the minor is 14 years of age or older).*
   f. [ ] another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *state name, address, and telephone number):*
   Azadeh Shirazi
   10535 Wilshire Blvd.
   Los Angeles, CA 90024
   (310) 801-0680

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   Aria N.
   10535 Wilshire Blvd.
   Los Angeles, CA 90024

4. The person to be represented is:
   a. [X] a minor *(date of birth):* 08/22/2011
   b. [ ] an incompetent person.
   c. [ ] a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [X] the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*

       Plaintiff Aria N. is a minor younger than 14-years old and cannot represent his own interests.  He was injured after the front wheel of a bicycle designed, manufactured, and sold by defendants failed, causing him to crash.

   [ ] *Continued on Attachment 5a.*

Page 1 of 2

CIV-010

| PLAINTIFF/PETITIONER:  Aria Nouri, Azadeh Shirazi | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Target Corporation, et al. | |

5.  b.  ☐  more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c.  ☐  the person named in item 3 has no guardian or conservator of his or her estate.

d.  ☒  the appointment of a guardian ad litem is necessary for the following reasons *(specify):*
Plaintiff Aria N. is a minor younger than 14-years old and cannot represent his own interests. He was injured after the front wheel of a bicycle designed, manufactured, and sold by defendants failed, causing him to crash.

☐  Continued on Attachment 5d.

6.  The proposed guardian ad litem's relationship to the person he or she will be representing is:
a.  ☒  related *(state relationship):* Mother
b.  ☐  not related *(specify capacity):*

7.  The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):*
Proposed guardian ad litem, Azadeh Shirazi, has no adverse interests nor issues of competency that would prevent her from fully protecting the rights of her son, Plaintiff Aria Nouri

☐  Continued on Attachment 7.

Justin Eballar, Esq.
_____          ▶
(TYPE OR PRINT NAME)                                                              (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 0918/2020

Azadeh Shirazi
_____          ▶
(TYPE OR PRINT NAME)                                                              (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date: 09/18/2020

Azadeh Shirazi
_____          ▶
(TYPE OR PRINT NAME)                                                              (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER  ☒ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name):*  Azadeh Shirazi
is hereby appointed as the guardian ad litem for *(name):*  Aria N.
for the reasons set forth in item 5 of the application.

Date:  09/24/2020

JUDICIAL OFFICER
C. Edward Simpson / Judge
☐  SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL**

Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [Print this form]    [Save this form]    [Clear this form]

**FILED**
Superior Court of California
County of Los Angeles

2020-SJ-002-00

**FEB 24 2020**

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy
Corena Albino

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES SPRING STREET COURTHOUSE (EFFECTIVE FEBRUARY 24, 2020) | ) CASE NO.:<br>)<br>) FIRST AMENDED STANDING ORDER<br>) RE: PERSONAL INJURY PROCEDURES<br>) AT THE SPRING STREET COURTHOUSE |

---

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

      DATE: _____ AT 10:00 A.M.

**TRIAL:**

      DATE: _____ AT 8:30 A.M.

**OSC RE DISMISSAL**
**(CODE CIV. PROC., § 583.210):**

      DATE: _____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI") ACTIONS FILED IN THE CENTRAL DISTRICT.

///

2020-SJ-002-00

1.      To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition" (Local Rule 2.3(a)(1) (A)).

      Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

            ☐  A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

            ☐  A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

            ☐  A7260 Product Liability (not asbestos or toxic/environmental)

            ☐  A7210 Medical Malpractice – Physicians & Surgeons

            ☐  A7240 Medical Malpractice – Other Professional Health Care Malpractice

            ☐  A7250 Premises Liability (e.g., slip and fall)

            ☐  A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

            ☐  A7220 Other Personal Injury/Property Damage/Wrongful Death

      The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

      The Court sets the above dates in this action in the PI Court as reflected in the Notice of Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

2020-SJ-002-00

90012 (C.R.C. Rules 3.714(b)(3), 3.729).

**FILING OF DOCUMENTS**

2.      With the exception of self-represented litigants or parties or attorneys that have obtained an exemption from mandatory electronic filing, parties must electronically file documents. Filings are no longer accepted via facsimile. The requirements for electronic filing are detailed in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online at www.lacourt.org (link on homepage).

**SERVICE OF SUMMONS AND COMPLAINT**

3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as soon as possible but no later than three years from the date when the complaint is filed (C.C.P. § 583.210, subd. (a)).  On the OSC re Dismissal date noted above, the PI Court will dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

4.      The Court sets the above trial and final status conference ("FSC") dates on the condition that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six months of filing the complaint.

5.      The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure § 581 when no party appears for trial.

**STIPULATIONS TO CONTINUE TRIAL**

6.      Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P. § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing good cause or articulating any reason or justification for the change.  To continue or advance a trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts schedule FSCs at 10:00 a.m., eight court days before the trial date.  Parties seeking to continue the trial and FSC dates shall file the stipulation at least eight court days before the FSC date.   Parties seeking to advance the trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1   FSC date (C.C.P. § 595.2;  Govt. Code § 70617, subd. (c)(2)). In selecting a new trial date,
2   parties should avoid setting on any Monday, or the Tuesday following a court holiday.  Parties
3   may submit a maximum of two stipulations to continue trial, for a total continuance of six
4   months. Subsequent requests to continue trial will be granted upon a showing of good cause by
5   noticed motion.  This rule is retroactive so that any previously granted stipulation to continue
6   trial will count toward the maximum number of allowed continuances.

7   **NO CASE MANAGEMENT CONFERENCES**

8   7.      The PI Courts do not conduct case management conferences.  The parties need not file a
9   Case Management Statement.

10  **LAW AND MOTION**

11  8.      Any and all electronically-filed documents must be text searchable and bookmarked.
12  (*See* operative General Order re Mandatory Electronic Filing in Civil).

13  **COURTESY COPIES REQUIRED**

14  9.      Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy
15  copies of certain documents must be submitted directly to the PI Court courtrooms at the
16  Spring Street Courthouse.  The PI Courts also strongly encourage the parties filing and
17  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one
18  or more three-ring binders organizing the courtesy copy behind tabs.  Any courtesy copies of
19  documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)).  All
20  deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits
21  (C.R.C. Rule 3.1116(c)).

22  **RESERVATION HEARING DATE**

23  10.     Parties must reserve hearing dates for motions in the PI Courts using the Court
24  Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After
25  reserving a motion hearing date, the reservation requestor must submit the papers for filing with
26  the reservation receipt number printed on the face page of the document under the caption and
27  attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the
28  online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date.  In keeping with that rule, the PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not needlessly prepare tentative rulings for these matters.

**DISCOVERY MOTIONS**

12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.  The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an IDC.

         If parties do not stipulate to extend the deadlines, the moving party may file the motion to avoid it being deemed untimely.   However, the IDC must take place before the motion is heard so it is suggested that the moving party reserve a date for the motion hearing that is at least 60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1  that complies with the notice requirements of the Code of Civil Procedure.

2  14.    Parties must reserve IDC dates in the PI Courts using CRS, which is available online at

3  www.lacourt.org (link on homepage).  Parties must meet and confer regarding the available dates

4  in CRS prior to accessing the system.  After reserving the IDC date, the reservation requestor

5  must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form

6  LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt

7  as the last page.  The opposing party may file and serve a responsive IDC form, briefly setting

8  forth that party's response, at least ten court days prior to the IDC.

9  15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to

10  resolve other types of discovery disputes.

11  **EX PARTE APPLICATIONS**

12  16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a

13  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

14  "immediate danger," or where the moving party identifies "a statutory basis for granting relief

15  ex parte" (C.R.C. Rule 3.1202(c)).  The PI Courts have no capacity to hear multiple *ex parte*

16  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

17  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

18  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

19  relief, the moving party should reserve the earliest available motion hearing date (even if it is

20  after the scheduled trial date) and file a motion to continue trial.  Parties should also check

21  CRS from time to time because earlier hearing dates may become available as cases settle or

22  hearings are taken off calendar.

23  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

24  17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC")

25  Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated

26  Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's

27  website under the PI Courts link).  The PI Courts will transfer a matter to an IC Court if the case

28  is not a "Personal Injury" case as defined in this Order, or if it is "complicated."  In determining

2020-SJ-002-00

1  whether a personal injury case is "complicated" the PI Courts will consider, among other things,

2  the number of pretrial hearings or the complexity of issues presented.

3  18.  Parties opposing a motion to transfer have five court days to file an Opposition (using

4  the same LACIV 238 Motion to Transfer form).

5  19.  The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although

6  the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts

7  will make an independent determination whether to transfer the case or not.

8  **FINAL STATUS CONFERENCE**

9  20.  Parties shall comply with the requirements of the PI Courts' operative Standing Order

10  Re Final Status Conference, which shall be served with the summons and complaint.

11  **JURY FEES**

12  21.  Parties must pay jury fees no later than 365 calendar days after the filing of the initial

13  complaint (C. C. P. § 631, subd. (c)(2)).

14  **JURY TRIALS**

15  22.  The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the

16  Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One

17  will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal

18  Courtrooms.

19  **SANCTIONS**

20  23.  The Court has discretion to impose sanctions for any violation of this general order

21  (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

22

23

24  Dated:  _Feb. 24, 2020_

25  SAMANTHA P. JESSNER
   Supervising Judge of Civil Courts

26

27

28

**Page 7 of 7**

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-004-00

**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Lorena Albino

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS AT THE SPRING STREET COURTHOUSE | THIRD AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective January 13, 2020) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS** August 9, 2019 **STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

## 1.    PURPOSE OF THE FSC

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict.  The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

///

## 2.  TRIAL DOCUMENTS TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

### A.  TRIAL BRIEFS (OPTIONAL)

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

> (1) the claims and defenses subject to litigation;

> (2) the major legal issues (with supporting points and authorities);

> (3) the relief claimed and calculation of damages sought; and

> (4) any other information that may assist the court at trial.

### B.  MOTIONS IN LIMINE

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a).  The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude.  Parties filing more than one motion in limine shall number them consecutively.  Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C.  JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

### D.  JOINT WITNESS LIST

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)).  The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony.  The parties/counsel shall identify all potential witness scheduling issues and special requirements.  Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

**E.    LIST OF PROPOSED JURY INSTRUCTIONS**
**(JOINT AND CONTESTED)**

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.  The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

**F.    JURY INSTRUCTIONS**
**(JOINT AND CONTESTED)**

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material.  The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

**G.    JOINT VERDICT FORM(S)**

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)).  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

**H.    JOINT EXHIBIT LIST**

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

**I.    PAGE AND LINE DESIGNATION FOR**
**DEPOSITION AND FORMER TESTIMONY**

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the deposition or

former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto, and 5) the Court's ruling.

## 3.   EVIDENTIARY EXHIBITS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties have a joint signed exhibit list and electronic copies of their respective exhibits, then the parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit binders will be required by the assigned trial judge when the trial commences.  In the absence of either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced by all parties/counsel at the FSC.

## 4.   TRIAL BINDERS REQUIRED IN THE PI COURTS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the following for inspection at the FSC) the Trial Documents consisting of conformed copies (if available), tabbed and organized into three-ring binders with a table of contents that includes the following:

| | |
|---|---|
| Tab A: | Trial Briefs (Optional) |
| Tab B: | Motions in Limine |
| Tab C: | Joint Statement to Be Read to the Jury |
| Tab D: | Joint Witness List |
| Tab E: | Joint List of Jury Instructions (identifying the agreed upon and contested instructions) |
| Tab F: | Joint and Contested Jury Instructions |
| Tab G: | Joint and/or Contested Verdict Form(s) |
| Tab H: | Joint Exhibit List |

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

Tab I:      Joint Chart of Page and Line Designation(s) for Deposition and
            Former Testimony

Tab J:      Copies of the Current Operative Pleadings (including the operative complaint,
            answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

**5.      FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: *Feb. 24, 2020*

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

Page 5 of 5

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

2020-SJ-003-00

**FILED**
Superior Court of California
County of Los Angeles

**FEB 24 2020**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Coronia Albino

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO PERSONAL INJURY COURTROOMS AT THE SPRING STREET COURTHOUSE | ) FIFTH AMENDED STANDING ORDER<br>) RE: MANDATORY SETTLEMENT<br>) CONFERENCE<br>) (Effective February 24, 2020)<br>) |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court ("Court") HEREBY AMENDS AND SUPERSEDES THE September 26, 2019 FOURTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING FIFTH AMENDED STANDING ORDER:

The Court orders the parties to participate in a Mandatory Settlement Conference ("MSC") supervised by a Personal Injury Court Judge and staffed by volunteer settlement attorneys from the American Board of Trial Advocates, the Association of Southern California Defense Counsel, and the Consumer Attorneys Association of Los Angeles.

1. Plaintiff's counsel shall, within two (2) court days of the Court's order of an MSC, access the Consumer Attorneys Association of Los Angeles ("CAALA") website, at www.caala.org, and under "The LASC COURT CONNECTION" click on "LA Superior Court PI MSC (Parties)," to register and schedule a mutually agreed upon time for the MSC prior to the trial date.

2. A mandatory settlement conference statement shall be served on all parties not less than five (5) court days before the scheduled MSC. Parties' counsel shall serve

1

1    opposing counsel, CAALA at stuart@caala.org, and the Court by email.   Email

2    addresses for the PI courtrooms can be found on the Court's website at

3    www.lacourt.org, under "*Division*" go to "*Civil*", then go to "*General Jurisdiction*

4    *PI Court*" then click on "*PI Courtroom Email Addresses*".  CAALA will forward

5    the mandatory settlement conference statements to the settlement attorneys.

3.  Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior Court Rule 3.25(d), trial counsel, the parties and persons, including insurance company representatives with full settlement authority, must attend in person unless the settlement judge excuses personal appearance for good cause.

4.  If the case settles prior to the scheduled MSC, Plaintiff's counsel shall notify the specific Courtroom, forthwith, of such settlement by email and also CAALA by email to stuart@caala.org.

5.  Parties and counsel are ordered to appear in in the assigned Personal Injury Courtroom at the scheduled time and date of the MSC as selected by the parties' counsel.

6.  The Court has the discretion to require any party and/or counsel who fails or refuses to comply with this order to show cause why the Court should not impose monetary sanctions.

Dated: _Feb. 24, 2020_

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

FIFTH AMENDED STANDING ORDER – MANDATORY SETTLEMENT CONFERENCE

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**

**abtl**

**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary?  If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise?  If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve.  Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable?  Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation.  (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core."  In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case.  Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
            (INSERT DATE)                      (INSERT DATE)
     complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

                  ➢  _____
                        (ATTORNEY FOR PLAINTIFF)

                  ➢  _____
                        (ATTORNEY FOR DEFENDANT)

                  ➢  _____
                        (ATTORNEY FOR DEFENDANT)

                  ➢  _____
                        (ATTORNEY FOR DEFENDANT)

                  ➢  _____
                        (ATTORNEY FOR _____)

                  ➢  _____
                        (ATTORNEY FOR _____)

                  ➢  _____
                        (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

    i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

    ii.  Include a brief summary of the dispute and specify the relief requested; and

    iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

    i.   Also be filed on the approved form (copy attached);

    ii.  Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
|  |  |

iii.    Be filed within two (2) court days of receipt of the Request; and

iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.   If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____ )

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____ )

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____          ➤   _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤   _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤   _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤   _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤   _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____          ➤   _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____          ➤   _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____          _____
                                               JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

- **The Civil Mediation Vendor Resource List**
  If all parties agree to mediation, they may contact these organizations to request a Resource List Mediation for mediation at reduced cost or no cost (for selected cases).

  - **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
  - **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
  - **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145 Only MCLA provides mediation in person, by phone and by videoconference

  These organizations cannot accept every case and they may decline cases at their discretion.
  Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them
  NOTE: This program does not accept family law, probate, or small claims cases.

- **Los Angeles County Dispute Resolution Programs**
  https://wdacs.lacounty.gov/programs/drp/
  - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil
    Free, day of trial mediations at the courthouse. No appointment needed.
  - Free or low cost mediations before the day of trial
  - For free or low cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
    http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

  **Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

3. **Arbitration**: Arbitration is less formal than trial, but before trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>**Branch Name:** Spring Street Courthouse<br>**Mailing Address:** 312 North Spring Street<br>**City, State and Zip Code:** Los Angeles CA 90012 | |

| | |
|---|---|
| **SHORT TITLE:** ARIA N., et al. vs TARGET CORPORATION, A MINNESOTA CORPORATION, et al. | **CASE NUMBER:**<br>20STCV35920 |
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  Journal Technologies Inc.
Reference Number: EF-d3b41896d0bc
Submission Number: 20LA02588342
Court Received Date: 09/21/2020
Court Received Time: 10:45 am
Case Number: 20STCV35920
Case Title: ARIA N., et al. vs TARGET CORPORATION, A MINNESOTA CORPORATION, et al.
Location: Spring Street Courthouse
Case Type: Civil Unlimited
Case Category: Product Liability (not asbestos or toxic/environmental)
Jurisdictional Amount: Over $25,000
Notice Generated Date: 09/21/2020
Notice Generated Time: 2:17 pm

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Complaint | Accepted |
| Summons | Rejected |
| | Reject Reason(s):<br>Other: Unable to issue Summons until Guardian Ad Litem order is signed. |
| Civil Case Cover Sheet | Accepted |
| Application And Order For Appointment of Guardian Ad Litem | Accepted |

**NOTICE OF CONFIRMATION OF FILING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**09/21/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Perez _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV35920 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Daniel M. Crowley | 28 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 09/21/2020
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Perez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

#### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

#### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Notice (name extension)                    Accepted

**Comments**
Submitter's Comments:

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: Journal Technologies Inc.
Contact: Journal Technologies Inc.
Phone: (877) 545-1842 Ext. 1

---

**NOTICE OF CONFIRMATION OF FILING**

# EXHIBIT "B"

 CT Corporation

**Service of Process Transmittal**
11/13/2020
CT Log Number 538592082

**TO:** Sue Carlson
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403-2542

**RE:** **Process Served in California**

**FOR:** Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ARIA N., ETC., ET AL., PLTFS. vs. TARGET CORPORATION, ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV35920 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/13/2020 at 01:22 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/13/2020, Expected Purge Date: 11/18/2020<br><br>Image SOP<br><br>Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT "C"

Boris Treyzon, Esq. (SBN 188893)
*btreyzon@actslaw.com*
Douglas A. Rochen, Esq. (SBN 217231)
*drochen@actslaw.com*
Justin Eballar, Esq. (SBN 294718)
*jeballar@actslaw.com*
**ABIR COHEN TREYZON SALO, LLP**
16001 Ventura Blvd, Suite 200
Encino, California 91436
Telephone: (424) 288-4367 | Fax: (424) 288-4368

Attorneys for Plaintiffs
Aria N. by and through *Guardian ad Litem* Azadeh Shirazi, and Azadeh Shirazi

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| ARIA N., an individual, by and through *Guardian ad Litem*, AZADEH SHIRAZI; and AZADEH SHIRAZI, an individual; | Case No.: 20STCV35920 *[Assigned to the Honorable Daniel M. Crowley, Spring Street Dept. 28]* |
| Plaintiff, vs. | **COMPLAINT FOR DAMAGES** |
| TARGET CORPORATION, a Minnesota Corporation; DOREL SPORTS, an unincorporated business entity; PACIFIC CYCLE, INC., a Delaware Corporation; SCHWINN BICYCLE CO., an unincorporated business entity; and DOES 1-100, Inclusive, | **1. NEGLIGENCE** |
| | **2. STRICT LIABILITY – MANUFACTURING DEFECT** |
| | **3. STRICT LIABILITY – DESIGN DEFECT** |
| | **4. STRICT LIABILITY – FAILURE TO WARN** |
| Defendants. | **5. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY** |
| | **6. VIOLATION OF CONSUMER PRODUCT SAFETY RULES (15 U.S.C. 2072)** |
| | **7. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |
| | **DEMAND FOR JURY TRIAL** |
| | Action Filed: October 2, 2020 Trial Date: |

1

**FIRST AMENDED COMPLAINT**

Plaintiff Aria N., by and through his *Guardian ad Litem*, Azadeh Shirazi, and Plaintiff Azadeh Shirazi, by and through their counsel, Abir Cohen Treyzon Salo, LLP, alleges on information and belief as follows:

## I.    PARTIES

1.      At all relevant times, Plaintiff Aria N. is and was minor younger than fourteen years of age and a resident of the State of California, County of Los Angeles.

2.      At all relevant times, Plaintiff Azadeh Shirazi was the mother of Plaintiff Aria and a resident of the State of California, County of Los Angeles.

3.      At all relevant times, Defendant Target Corporation ("Target") was and is a corporation duly organized under the laws of Minnesota, headquartered in Minneapolis, Minnesota where its corporate board and high-level officers direct, control, and coordinate the entity's activities.

4.      Defendant Target Corporation has sufficient minimum contacts in California and has otherwise intentionally availed itself of the California market through its activities marketing, advertising, and sales activities in the State.

5.      Defendant Dorel Sports, previously named in this lawsuit, has been dismissed without prejudice.

6.      At all relevant times, Defendant Pacific Cycle, Inc. ("Pacific Cycle") was and is a corporation duly organized under the laws of Delaware, headquartered in Madison, Wisconsin where its corporate board and high level officers direct, control, and coordinate the entity's activities.

7.      Defendant Pacific Cycle is a wholly owned division and subsidiary of Defendant Dorel Sports, who, together, are in a joint venture for the manufacture, design, branding, distribution, and sale of bicycles trademarked with the brand names Schwinn, Mongoose, Kid Trax, inStep, and Iron Horse, to and by California retail stores.

8.      Defendant Pacific Cycle designs, manufactures, markets, distributes, and sells brand name bicycles including Schwinn, Mongoose, Kid Trax, inStep, and Iron Horse brand names, all which are heavily advertised, marketed, distributed and sold in the State of California.

1   Defendant Pacific Cycle has sufficient minimum contacts in California and has otherwise

2   intentionally availed itself of the California market through these activities.

3       9.    Defendant Schwinn Bicycle Co, previously named in this lawsuit, has been

4   dismissed without prejudice.

5       10.    The true names and capacities, whether individual, corporate, associate, or

6   otherwise, of the Defendants named herein under the fictitious names of Does 1 though 100,

7   inclusive, are either unknown to Plaintiffs or, alternatively, the fact or basis of their liability is

8   unknown by Plaintiffs, who, therefore, sue said defendants by such fictitious names. Plaintiffs

9   may seek leave to amend their complaint and insert the true names and capacities of said

10  defendants when the same have been ascertained or when the fact of their respective liability has

11  been established. Plaintiffs are informed and believe and based thereon allege that each defendant

12  designated herein as a "Doe" is legally responsible in some manner, whether negligently, strictly,

13  recklessly, or maliciously, for the events and happenings herein alleged.

14      11.    At all times herein mentioned, each of the Defendants was the alter ego, agent,

15  servant, partner, aider and abettor, co-conspirator and/or joint venturer of each of the other

16  Defendants herein and was at all times operating and acting within the course and scope of said

17  agency, service, employment, partnership, conspiracy and/or joint venture and rendered

18  substantial assistance and encouragement to the other Defendants.

19      12.    At all times herein mentioned, Defendants were fully informed of the actions of

20  their agents, servants, partners, aiders and abettors, co-conspirators, joint venturers, and

21  employees, and thereafter no officer, director or managing agent of Defendants and each of them

22  repudiated those actions, which failure to repudiate constituted adoption and approval of said

23  actions and all Defendants and each of them, thereby ratified those actions.

24                       **II.    JURISDICTION AND VENUE**

25      13.    This Court has jurisdiction over all causes of action asserted.  Each Defendant

26  has sufficient minimum contacts in California or otherwise intentionally availed itself of the

27  California market through, without limitation, its design, manufacture, advertisement,

28  promotion, marketing, distribution, sale, or other participation in the stream of commerce as it

**FIRST AMENDED COMPLAINT**

1   relates to their bicycle sales in the State of California, including but not limited to the

2   manufacture, design, marketing, distribution, and sale of Schwinn Falcon S2000TGI children's

3   bicycle at issue in this case.  Defendants' contacts with the State of California are such as to

4   render the exercise of jurisdiction over them by the California courts consistent with traditional

5   notions of fair play and substantial justice.

6          14.     Venue is proper in Los Angeles County under Code of Civil Procedure section

7   395(a) based on the facts, without limitation, that: this Court is a court of competent jurisdiction;

8   Plaintiff resides in this county; the personal injury alleged herein occurred in this county;  the

9   Target Corporation store where the subject bicycle was purchased is located in this county; and

10  all other Defendants conduct substantial business in this county; Defendants' liability arose in

11  this county; and a substantial part of the events or omissions giving rise to this action occurred

12  in this county.

13         15.     This Court has jurisdiction over this matter because the damages alleged herein

14  exceed the minimal jurisdictional limit of this Court.  The monetary damages sought by each

15  Plaintiff exceeds $25,000 and will be established according to proof.

16                         **III.     GENERAL ALLEGATIONS**

17         16.     Prior to May 14, 2020, Defendant Pacific Cycle, in joint venture with Defendants

18  Dorel Sports and Schwinn, entered into a distribution agreement with Defendant Target for the

19  sale of its bicycles, including the Schwinn Falcon S2000TGI children's bicycle ("Schwinn

20  Falcon").  As part of that agreement, Defendant Pacific Cycle agreed to provide several

21  Schwinn Falcon bicycles to Target in a partially assembled form with the front wheel removed.

22         17.     With knowledge of the dangers of a poorly inspected and poorly assembled

23  bicycle and knowing the bicycle would be ridden by children, Defendant Pacific Cycle provided

24  the partially assembled Schwinn Falcons to Defendant Target without instruction, guidance,

25  training, proof of qualification, and requirements of supervision and accountability as to the

26  proper inspection and assembly of the Schwinn Falcon prior to being sold to consumers.

27         18.     Prior to May 14, 2020, Defendant Target received a Schwinn Falcon with serial

28  number TOP1115A1 (the "Subject Schwinn Falcon") from Defendant Pacific Cycle at its

**FIRST AMENDED COMPLAINT**

1     Westwood, Los Angeles store.  Before being sold, Defendant Target, using untrained,

2     unqualified, and poorly supervised personnel, then failed to undertake and/or negligently

3     undertook inspection and assembly of the Schwinn Falcon without tools and without training,

4     instruction, supervision, or protocols from the manufacturer or any other authority, and placed it

5     on the sales floor for sale to customers with an appearance of safety and proper assembly.

6          19.     Prior to May 14, 2020, Plaintiff purchased the Subject Schwinn Falcon from

7     Defendant Target with the express and implied assurance and appearance that the bicycle had

8     been properly inspected and assembled prior to its sale.  Prior to purchase, Plaintiff's parents

9     requested an unassembled, in-box version of the bicycle with all original materials, but were

10    refused and told the bike is only available preassembled.  Upon purchase, Plaintiff was provided

11    with the Subject Schwinn Falcon.  The sale of the brand-new bicycle did not include a manual,

12    instruction guide, pamphlet, or other literature related to the bike, in violation of Federal

13    regulations and industry standards.  The bicycle itself contained no warnings related to

14    inspection or assembly.

15         20.     The Subject Schwinn Falcon was sold with wheel housings that lacked a positive

16    lock device, axles that were poorly tightened, wheel housing that were unable to withstand a

17    minimal amount of torque, lacked positive retention features that ensure the front hub will not

18    separate from the fork, and a front hub that fails standardized regulatory testing.  The Subject

19    Schwinn Falcon also lacked an instruction manual attached to its frame, lacked an instruction

20    manual that included the proper substance, and lacked a frame that identified the month and date

21    of manufacture.

22         21.     These failures to meet the standard of care also violated consumer protection

23    standards and regulations intended to protect consumers from purchasing bicycles unsafe for

24    riding.

25         22.     These failures to meet the standard of care were unapparent and unknowable to

26    any ordinary children's bicycle consumer, including Plaintiff and his parents.

27         23.     On May 14, 2020, while safely and reasonably riding the Subject Schwinn

28    Falcon, on the sidewalk of Loring Avenue near Warner Avenue in the Westwood neighborhood

**FIRST AMENDED COMPLAINT**

of Los Angeles, California, Plaintiff Aria N., a 9-year-old boy, crashed face first into concrete pavement.  The crash occurred as a result of the front wheel and axle coming loose from the front fork housing, causing wobbling and eventually separation of the wheel from the frame of the bike.  The preventable crash has caused Plaintiff Aria to suffer serious injuries to his hand and face, including, without limitation, traumatic and long-lasting maxillofacial, endodontic, dental, and orthopedic injuries, among other injuries still unknown.

24.     The Subject Schwinn Falcon was purchased by Plaintiff at Defendant Target Corporation's store at 20700 S. Avalon Blvd. in Los Angeles, California ("Carson Target").

## IV.     CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### NEGLIGENCE

### (AS AGAINST ALL DEFENDANTS)

25.     Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

26.     At all relevant times, Defendants designed, controlled, manufactured, supplied, assembled, inspected, and sold the Subject Schwinn Falcon.

27.     At all relevant times, Defendants had a duty to ensure that their products placed or caused to be placed into the stream of commerce were reasonably safe, free of defects, reasonably fit and suitable for their intended and foreseeable uses, that they contained adequate warnings and instructions for use, that they conformed to all laws and regulations intended to protect consumers, including, but not limited to consumer product safety rules.

28.     Defendants breached these duties when they failed, at the time of sale and thereafter, to provide Plaintiff and/or Plaintiff's parents with manufacturer manuals and warnings relating to assembly and inspection of the Subject Schwinn Falcon.

29.     Defendants breached these duties when they failed to properly assemble the Subject Schwinn Falcon before its sale to Plaintiff, in violation of industry standards, Federal Hazardous Substances Act regulations, Consumer Protection Safety Act laws, Consumer Protection Safety Act rules and orders, and other laws and standards, including Part 1512 of

Title 16 of the Code of Federal Regulations, all of which were designed to protect consumers such as Plaintiff and all those similarly situated to him from the exact harm alleged herein .

30.    Defendants breached these duties when they failed to properly inspect the Subject Schwinn Falcon for safety and compliance with applicable standards before its sale to Plaintiff, in violation of industry standards, Federal Hazardous Substances Act regulations, Consumer Protection Safety Act laws, Consumer Protection Safety Act rules and orders, and other laws and standards, including Part 1512 of Title 16 of the Code of Federal Regulations, all of which were designed to protect consumers such as Plaintiff and all those similarly situated to him from the exact harm alleged herein.

31.    Defendants breached these duties when they failed to ensure that persons and entities responsible for assembling bicycles at the Carson Target location were trained, instructed, qualified, and supervised in a manner that complied with industry standards, Federal Hazardous Substances Act regulations, Consumer Protection Safety Act laws, Consumer Protection Safety Act rules and orders, and other laws and standards, including Part 1512 of Title 16 of the Code of Federal Regulations, all of which were designed to protect consumers such as Plaintiff and all those similarly situated to him from the exact harm alleged herein.

32.    Defendants breached these duties when, with knowledge or an ability to know of the dangers of riding a poorly assembled bicycle and the likelihood of an improper assembly at Target stores, failed to warn, or in the alternative, failed to adequately warn, or failed to instruct Plaintiff and his parents of such dangers and the steps to take to minimize them.

33.    Defendants' conduct failed to use the amount of care in designing, manufacturing, supplying, inspecting, assembling, and selling the Subject Schwinn Falcon that a reasonably careful designer, manufacturer, supplier, inspector, assembler, and seller would use in the same or similar circumstances to avoid exposing consumers to foreseeable risks of harm. Defendants knew or should have known that an improperly designed, manufactured, or assembled front wheel housing on a child's bicycle is likely to cause a crash and that crashes have a high likelihood of producing injury, many of which are foreseeably severe.  The cost to

**FIRST AMENDED COMPLAINT**

ensure that the design, manufacturing, and assembly of the Schwinn Falcon's front wheel housing mitigates these risks is low cost.

34.     Furthermore, Defendants' actions violated provisions of the Federal Hazardous Substances Act, the Consumer Safety Protection Act, the Consumer Protection Safety Act regulations, rules and order, and other laws.  Each violation legally and factually caused Plaintiffs' injuries.  Such injuries were and are of a nature that these statutes, laws, rules, and orders were designed to prevent, and Plaintiff was among the class of persons for whose protection these statutes, laws, rules, and orders were adopted.

35.     These acts and omissions by Defendants were substantial factors in directly and proximately causing Plaintiff Aria's severe, long-lasting injuries.

36.     Furthermore, Defendants knew of numerous complaints of poor assembly and manufacturing of bicycles specifically related to Target and other "Big Box" stores, where Defendants distribute, market, and sell their bicycles, including the Schwinn Falcon.  With this knowledge, Defendants, with conscious disregard for the safety of their customers, refused to properly train, instruct, supervise, and otherwise ensure their Schwinn Falcon bicycles sold at Target stores were  assembled by people were qualified to inspect and assemble their bicycles according to industry standard and state and federal laws, regulations, rules, and orders.

37.     Defendants acted with malice and oppression in willingly risking the safety of consumers over changing their policies and agreements to comply with their duties under the law, knowing that some customers, depending on Defendants to comply with laws and safety standards, would suffer serious injuries because of Defendants' avoidably defective manufacturing practices.  Defendants' despicable conduct warrants an award of exemplary, punitive damages under Civil Code section 3294.

<div align="center">

**SECOND CAUSE OF ACTION**

**STRICT PRODUCT LIABILITY – MANUFACTURING DEFECT**

**(AS AGAINST ALL DEFENDANTS)**

</div>

38.     Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

<div align="center">

**FIRST AMENDED COMPLAINT**

</div>

1    39.    At all relevant times, Defendants Dorel Sports, Pacific Cycle, Schwinn, Target,

2    and Does 1-100 (hereinafter, collectively referred to as "Defendants"), as a joint venture or

3    otherwise, designed, distributed, controlled, manufactured, marketed, inspected, assembled, and

4    sold, Schwinn Falcon children's bicycles to consumers, including Plaintiff Aria and his parents.

5    40.    At all relevant times, the Subject Schwinn Falcon, which was being used and

6    ridden by Plaintiff Aria in a reasonable and foreseeable manner, was dangerous, unsafe, and

7    defective in its manufacturing, including but not limited to, its assembly. The Subject Schwinn

8    Falcon differed from the manufacturer's intended result and from identical Schwinn Falcons of

9    the same product line in that, among other things, its front wheel housing failed to secure the

10   wheel and wheel hub to the front fork housing of the bicycle during normal, foreseeable riding.

11   41.    These manufacturing defect(s) were present in the Subject Schwinn Bicycle

12   when it left each Defendant's possession.

13   42.    These manufacturing defects were a substantial factor in directly and proximately

14   causing Plaintiff Aria's serious and long-lasting injuries.

15   43.    Defendants knew of numerous complaints, over several years, of poor assembly

16   and manufacturing of bicycles specifically related to Target and other "Big Box" stores, where

17   Defendants distribute, market, and sell their bicycles, including the Schwinn Falcon.  With this

18   knowledge, Defendants, with conscious disregard for the safety of their customers, refused to

19   properly train, instruct, supervise, and otherwise ensure their Schwinn Falcon bicycles sold at

20   Target stores were assembled by people were qualified to inspect and assemble their bicycles

21   according to industry standard and state and federal laws, regulations, rules, and orders.

22   44.    Defendants acted with malice and oppression in willingly risking the safety of

23   consumers over changing their policies and agreements to comply with their duties under the

24   law, knowing that some customers, depending on Defendants to comply with laws and safety

25   standards, would suffer serious injuries because of Defendants' avoidably defective

26   manufacturing practices.  Defendants' despicable conduct warrants an award of exemplary,

27   punitive damages under Civil Code section 3294.

28   ///

**THIRD CAUSE OF ACTION**

**STRICT PRODUCT LIABILITY – DESIGN DEFECT**

**(AS AGAINST ALL DEFENDANTS)**

45.  Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

46.  The Subject Schwinn Falcon was defective in its design because it did not perform as safely as an ordinary consumer would have expected it to perform.

47.  At all relevant times, Defendants designed, fabricated, manufactured, distributed, marketed, and sold the Schwinn Falcon bicycle sold to and used by Plaintiff Aria and his parents.

48.  An ordinary consumer would have expected the preassembled Subject Schwinn Falcon bicycle, when used in a reasonable and foreseeable manner,  to, among other things, (1) have a front wheel, axle, and tire that sits and locks in securely to its front fork in a manner that does not allow the wheel to wobble, wiggle, or separate from the bicycle's frame; (2) uses nuts and bolts that fasten to the front fork of the bike without failing; (3) have a positive locking device that fastens the wheel hub to the frame and remains tightened when torqued to the manufacturer's recommendation; and (4) use a positive retention feature that keeps the wheel on when the locking devices are loosened.

49.  Given that an unstable and/or separating front wheel has a high likelihood of causing a catastrophic fall, the risks of the Schwinn Falcon's design "features" or failures do not outweigh their benefits.

50.  The gravity of the potential harm resulting from the use of the defective Schwinn Falcon is apparent from the injuries in this case which include, without limitation, serious endodontic, maxillofacial, dental, and orthopedic injuries that will affect Plaintiff Aria for years and possibly decades to come.

51.  Given that the design defect in this case involves, among other things, the front wheel of a child's bicycle, which is an obvious critical component of safe bike riding, there is a high likelihood that, if the front wheel fastening mechanism is prone to fail, loosen, insufficiently tighten, or otherwise compromise how securely the front wheel locks into the bike, there is a

1    significant likelihood of a face-forward injury if the wheel loosens, locks up, falls out, or

2    otherwise behaves in any manner other than being securely fastened to the bicycle's frame.

3         52.    In the past and in the present, there have been hundreds and possibly thousands of

4    adult and child bicycle designs that have highly safe front wheel locking mechanisms and fail-

5    safes to ensure nuts and bolts can be properly torqued, fit the front fork housing properly,

6    implement a positive retention feature as a fail-safe, and otherwise minimize front wheel failure

7    in a manner that Defendants were unable to achieve with the instant Schwinn Falcon.

8         53.    There are several inexpensive, well-known, and standardized designs that are safe

9    and are also required by law.  Defendants gained no advantage in designing a wheel housing that

10   fails to meet this (these) standard(s).

11        54.    The design defects present in the Schwinn Falcon were a substantial factor in

12   causing Plaintiff's Aria's injuries, both directly and proximately.

13        55.    Defendants knew of numerous complaints, over several years, of poor assembly

14   and manufacturing of bicycles specifically related to Target and other "Big Box" stores, where

15   Defendants distribute, market, and sell their bicycles, including the Schwinn Falcon.  With this

16   knowledge, Defendants, with conscious disregard for the safety of their customers, refused to

17   properly train, instruct, supervise, and otherwise ensure their Schwinn Falcon bicycles sold at

18   Target stores were assembled by people were qualified to inspect and assemble their bicycles

19   according to industry standard and state and federal laws, regulations, rules, and orders.

20        56.    Defendants acted with malice and oppression in willingly risking the safety of

21   consumers over changing their policies and agreements to comply with their duties under the

22   law, knowing that some customers, depending on Defendants to comply with laws and safety

23   standards, would suffer serious injuries because of Defendants' avoidably defective

24   manufacturing practices.  Defendants' despicable conduct warrants an award of exemplary,

25   punitive damages under Civil Code section 3294.

26

27   ///

28   ///

1

## FOURTH CAUSE OF ACTION

2

## STRICT PRODUCT LIABILITY – FAILURE TO WARN

3

## (AS AGAINST ALL DEFENDANTS)

4        57.     Plaintiff incorporates by reference all previous paragraphs of this Complaint as if

5    fully set forth herein.

6        58.     The Subject Schwinn Falcon children's bicycle lacked sufficient instructions and

7    warnings of potential risks involved in its operation in violation of industry laws and standards.

8        59.     At all relevant times, Defendants designed, manufactured, marketed, distributed,

9    and sold the Subject Schwinn Falcon.  The Subject Schwinn Falcon had potential risks that were

10   known and/or knowable in light of the scientific knowledge that was generally accepted in the

11   scientific community at the time the Schwinn Falcon's manufacture, distribution, and sale.

12       60.     These risks, include, without limitation, the risks of poor assembly by the retail

13   seller, the risks of poor assembly by the manufacturer, the risks of front wheel loosening and/or

14   separation and the best manner for preventing these risks.

15       61.     Given that the bicycle was sold "preassembled" by Defendants, an ordinary

16   consumer would not have recognized an observable risk of poor assembly that can cause a

17   bicycle front wheel to loosen, wobble, or separate from the frame.

18       62.     Defendants failed to adequately warn and instruct of these risks.

19       63.     When Defendants designed, manufactured, configured, assembled, marketed,

20   advertised, sold, and provided their Schwinn Falcon children's bicycles, the product contained

21   defects and risks, including the risk of wheel loosening, wheel wobbling, and wheel separation.

22   Such defects were known or knowable by the use of scientific knowledge available at the time to

23   Defendants.

24       64.     Each known and knowable risk presented a substantial danger when the bicycle is

25   used in an intended or reasonably foreseeable way.

26       65.     Plaintiffs were not provided with a product manual or any warnings at any relevant

27   time.  Even if they had, the warnings within the manual would not have adequately warned

28   Plaintiffs of the particular risks alleged here.

**FIRST AMENDED COMPLAINT**

66. The warnings accompanying the Subject Schwinn Falcon, had they been provided, failed to provide the level of information that an ordinary consumer would expect when using the product in a manner reasonably foreseeable to Defendants.

67. Defendants failed to provide adequate warnings, instructions, guidelines, or admonitions to members of the consuming public, including Plaintiff Aria and his parents, of the known and knowable design and manufacturing defects that existed in the Subject Schwinn Falcon.

68. Had Defendants given adequate instructions and warnings related to the assembly and inspection of the Schwinn Falcon, those instructions and warnings could have reduced the risk of harm to members of the public, including Plaintiff.

69. Defendants knew of numerous complaints, over several years, of poor assembly and manufacturing of bicycles specifically related to Target and other "Big Box" stores, where Defendants distribute, market, and sell their bicycles, including the Schwinn Falcon. With this knowledge, Defendants, with conscious disregard for the safety of their customers, refused to warn their customers of the risks of such poor assembly.

70. Defendants acted with malice and oppression in willingly risking the safety of consumers over changing their policies and agreements to comply with their duties under the law, knowing that some customers, depending on Defendants to comply with laws and safety standards, would suffer serious injuries because of Defendants' avoidably defective manufacturing practices. Defendants' despicable conduct warrants an award of exemplary, punitive damages under Civil Code section 3294.

## FIFTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

## (AS AGAINST DEFENDANT TARGET CORPORATION)

71. Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

72. Plaintiff Aria's parents bought the Subject Schwinn Falcon from Defendant Target.

**FIRST AMENDED COMPLAINT**

1    73.    At the time of the purchase, Defendant Target was in the business of selling

2    bicycles, including children's bicycles and held itself out as having special knowledge and skill

3    in bicycle sales and bicycle assembly.

4    74.    The Subject Schwinn Falcon sold to Plaintiff Aria's parents was not of the same

5    quality of a children's bicycle that is generally acceptable in the trade of bicycle riding, was not

6    fit for the ordinary purpose of bicycle riding, did not conform to the quality established by

7    Defendant Target's express and implied representations, did not conform to the quality

8    established by the bicycle industry, and were not merchantable.

9    75.    Plaintiff did not have reason to believe or know that the Subject Schwinn Falcon

10    was not merchantable until he was injured by the bicycles unmerchantability.

11    76.    Plaintiff Aria suffered personal injuries because of the Subject Schwinn Falcon's

12    unknown and unapparent unmerchantability.

13    77.    These design defects were a substantial factor in causing Plaintiff's Aria's injuries,

14    both directly and proximately.

15    78.    Defendants knew numerous complaints, over several years, of poor assembly and

16    manufacturing of bicycles specifically related to Target and other "Big Box" stores, where

17    Defendants distribute, market, and sell their bicycles, including the Schwinn Falcon.  With this

18    knowledge, Defendants, with conscious disregard for the safety of their customers, refused to

19    properly train, instruct, supervise, and otherwise ensure their Schwinn Falcon bicycles sold at

20    Target stores were assembled by people were qualified to inspect and assemble their bicycles

21    according to industry standard and state and federal laws, regulations, rules, and orders.

22    79.    Defendants acted with malice and oppression in willingly risking the safety of

23    consumers over changing their policies and agreements to comply with their duties under the

24    law, knowing that some customers, depending on Defendants to comply with laws and safety

25    standards, would suffer serious injuries because of Defendants' avoidably defective

26    manufacturing practices.  Defendants' despicable conduct warrants an award of exemplary,

27    punitive damages under Civil Code section 3294.

28    ///

**SIXTH CAUSE OF ACTION**

**VIOLATION OF CONSUMER PRODUCT SAFETY RULES**

**(15 U.S.C. 2072)**

**(AS AGAINST ALL DEFENDANTS)**

80.    Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

81.    Part 2072 of Title 15 of the United States Code creates a private right of action for persons who sustain injury by reason of a knowing or willful violation of a consumer product safety rule or any rule or order issued by the Consumer Product Safety Commission.

82.    The Consumer Product Safety Commission (CPSC) issues consumer product safety standards, rules, and regulations specifically for bicycles under 16 C.F.R. 1512.

83.    Part 1512 of Title 16 of the Code of Federal Regulations sets out requirements for the design, manufacture, and sale of bicycles. It provides, among other things:

    a.  That wheels shall be secured to the bicycle frame with a positive lock device.

    b.  That locking devices on threaded axles shall be tightened to the manufacturer's specifications.

    c.  That non-quick release front wheel locking devices shall withstand application of a torque in the direction of removal of 12.5 foot-pounds.

    d.  That non-quick release front hubs shall have a positive retention feature that shall be tested in accordance with the front hub retention test under part 1512.18(j)(3), to assure that when the locking devices are released the wheel will not separate from the fork.

    e.  That front wheels shall pass a front hub retention test wherein a force of 25-points is applied to the hub on a line along the slots in the fork ends when the front hub locking devices are released and pass the test by demonstrating that the front hub will not separate from the fork without help from the fenders, mudguards, struts, or brakes.

**FIRST AMENDED COMPLAINT**

f.  That a bicycle shall have an instruction manual attached to its frame or included with the packaged unit.

g.  That instruction manuals shall include operations and safety instructions, assembly instructions, and maintenance instructions.

h.  That bicycles shall bear a marking or label secured to the frame in a manner that cannot be removed, identifying the name of the manufacturer and the month and year of manufacture.

84.  Defendants, all sophisticated bicycle designer, manufacturers, assemblers, marketers, and sellers, had notice of each of the foregoing requirements for the manufacture and sale of the Subject Schwinn Falcon at all relevant times before, during, and after manufacture and sale.  Nonetheless, Plaintiffs knowingly and willfully violated each of them.

85.  Defendants willful and knowing violations resulted in Plaintiff Aria unknowingly riding a bicycle that was unsafe for its ordinary and foreseeable uses and becoming injured as a result, suffering a broken hand and significant and long-lasting facial, dental, maxillofacial, and endodontic injuries.  These injuries greatly exceed $10,000 exclusive of interest, costs, and statutory attorney fees.

86.  Defendants violations were a substantial factor in causing Plaintiff Aria's injuries.

87.  Defendants knew of numerous complaints, over several years, of poor assembly and manufacturing of bicycles specifically related to Target and other "Big Box" stores, where Defendants distribute, market, and sell their bicycles, including the Schwinn Falcon.  With this knowledge, Defendants, with conscious disregard for the safety of their customers, refused to properly train, instruct, supervise, and otherwise ensure their Schwinn Falcon bicycles sold at Target stores were assembled by people were qualified to inspect and assemble their bicycles according to industry standard and state and federal laws, regulations, rules, and orders.

88.  Defendants acted with malice and oppression in willingly risking the safety of consumers over changing their policies and agreements to comply with their duties under the law, knowing that some customers, depending on Defendants to comply with laws and safety

16

**FIRST AMENDED COMPLAINT**

standards, would suffer serious injuries as a result of Defendants' avoidably defective manufacturing practices. Defendants' despicable conduct warrants an award of exemplary, punitive damages under Civil Code section 3294.

<center>SEVENTH CAUSE OF ACTION</center>

<center>NELIGENT INFLICTION OF EMOTIONAL DISTRESS --BYSTANDER</center>

<center>(AS AGAINST ALL DEFENDANTS)</center>

89.     Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

90.     Plaintiff Azadeh Shirazi suffered serious emotional distress as a result of perceiving an injury to her son, Plaintiff Aria N.

91.     When Plaintiff Aria N. was thrown off of his bike and suffered serious, long-lasting injuries, Plaintiff Shirazi was present at the scene and contemporaneously witnessed her 9-year-old child's face strike the concrete and the resulting facial, dental, and maxillofacial injuries that immediately followed. Plaintiff Shirazi, at all times relevant, was aware that the crash was causing serious injury to her son, Plaintiff Aria N.

92.     As a result of this experience, Plaintiff Shirazi suffered serious emotional distress.

93.     Defendants' negligence in their design, manufacture, assembly, and failures to warn related to the Subject Schwinn Falcon are the actual and proximate cause of Plaintiff Shirazi's serious emotional distress, including but not limited to her suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. These emotions were felt in a manner in which an ordinary, reasonable person would be unable to cope with it.

///

///

<center>**FIRST AMENDED COMPLAINT**</center>

# V.   PRAYER FOR RELIEF

Wherefore, Plaintiffs Aria N. by and through his *Guardian ad Litem*, Azadeh Shirazi, and Azadeh Shirazi, as an individual, request that the Court enter an order of judgment against Defendants Target Corporation, Pacific Cycle, and DOES 1-100 as follows:

1. For general damages in an amount according to proof;

2. For special damages in an amount according to proof;

3. For post-judgment interest at the legal rate;

4. For costs of suit incurred;

5. For attorney fees pursuant to 15 U.S.C. 2072 and Code of Civil Procedure section 1021.5

6. For exemplary or punitive damages;

7. For any other damages to which Plaintiff is entitled under any applicable law; and

8. For any other and further relief as this Court deems just a proper.

Dated: January 14, 2020
                                        **ABIR COHEN TREYZON SALO, LLP**

By: _____
                                        Boris Treyzon, Esq.
                                        Douglas A. Rochen, Esq.
                                        Justin Eballar, Esq.
                                        Attorneys for Plaintiffs Aria N.,
                                        by and through *Guardian ad Litem*,
                                        Azadeh Shirazi and Azadeh Shirazi, as an
                                        individual

18

**FIRST AMENDED COMPLAINT**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to this action.  My business address is 16001 Ventura Blvd., Suite 200, Encino, CA 91436.

On January 14, 2021, I served the foregoing documents entitled:

**FIRST AMENDED COMPLAINT**

on all interested parties to this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Andrew Kohn, Esq.<br>PETTIT KOHN INGRASSIA LUTZ & DOLIN<br>Tel: (858) 755-8500<br>akohn@pettitkohn.com | *Co-Counsel for Plaintiff*<br>Dorel Sports, Pacific Cycle, Inc,<br>Schwinn Bicycle Co. |
| Martin D. Holly, Esq.<br>RESNICK & LOUIS, P. C.<br>515 S. Flower Street, 18th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 419-5063<br>Email: mholly@rlattorneys.com | *Attorneys for Defendant*<br>TARGET CORPORATION |

☐　　BY MAIL:  By placing a true and correct copy of the above-described document(s) in envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the above-named persons at the above-listed addresses and depositing such envelopes in a US mail collection box.

☐　　BY PERSONAL SERVICE *(Ex Parte)*:  I personally delivered by hand to the attorney in attendance on behalf of the above-named counsel at the hearing of _____, in Department_____of_____the_____Courthouse,_____, California.

☒　　BY ELECTRONIC MAIL BY AGREEMENT: Per agreement between counsels, I transmitted said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☐　　COURTESY COPY BY ELECTRONIC MAIL: I transmitted courtesy copies of said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☒　　STATE:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED on January 14, 2021, in Los Angeles, California.

_____　　　_____
　　Evelyn Najmi
　　　　Type or Print Name　　　　　　　　　　　　　　Signature

EXHIBIT "D"

## Business Record Details »

Minnesota Business Name
### Target Corporation

| | |
|---|---|
| **Business Type** | **MN Statute** |
| Business Corporation (Domestic) | 302A |
| **File Number** | **Home Jurisdiction** |
| 11-AA | Minnesota |
| **Filing Date** | **Status** |
| 02/11/1902 | Active / In Good Standing |
| **Renewal Due Date** | **Registered Office Address** |
| 12/31/2020 | 1010 Dale St N |
| | St Paul, MN 55117–5603 |
| | USA |
| **Number of Shares** | **Registered Agent(s)** |
| 6,005,000,000 | C T Corporation System |
| **Chief Executive Officer** | **Principal Executive Office Address** |
| BRIAN C CORNELL | 1000 Nicollet Mall |
| 1000 Nicollet Mall | Mpls, MN 55403 |
| Mpls, MN 55403 | USA |
| USA | |

Filing History

# Filing History

Select the item(s) you would like to order:   Order Selected Copies

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 02/11/1902 | Original Filing - Business Corporation (Domestic) | |
| | 02/11/1902 | Business Corporation (Domestic) Business Name (Business Name: Goodfellow Dry Goods Co.) | |



## Secretary of State
## Certificate of Status

I, ALEX PADILLA, Secretary of State of the State of California, hereby certify:

| | |
|---|---|
| **Entity Name:** | TARGET CORPORATION |
| **File Number:** | C0536463 |
| **Registration Date:** | 11/24/1967 |
| **Entity Type:** | FOREIGN STOCK CORPORATION |
| **Jurisdiction:** | MINNESOTA |
| **Status:** | ACTIVE (GOOD STANDING) |

As of October 8, 2020 (Certification Date), the entity is qualified to transact intrastate business in California.

This certificate relates to the status of the entity on the Secretary of State's records as of the Certification Date and does not reflect documents that are pending review or other events that may affect status.

No information is available from this office regarding the financial condition, status of licenses, if any, business activities or practices of the entity.

**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California this day of October 9, 2020.

**ALEX PADILLA**
**Secretary of State**

**Certificate Verification Number:**   ZNX9M8Y

To verify the issuance of this Certificate, use the Certificate Verification Number above with the Secretary of State Certification Verification Search available at *bebizfile.sos.ca.gov/certification/index*.

# E X H I B I T  "E"

**Alex Padilla**
**California Secretary of State**

 Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Tuesday, November 24, 2020. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C2717922    PACIFIC CYCLE INC.

| | |
|---|---|
| Registration Date: | 01/14/2005 |
| Jurisdiction: | DELAWARE |
| Entity Type: | FOREIGN STOCK |
| Status: | ACTIVE |
| Agent for Service of Process: | **CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE (C1592199)** |

To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate.

| | |
|---|---|
| Entity Address: | 4902 HAMMERSLEY RD |
| | MADISON WI 53711 |
| Entity Mailing Address: | 4902 HAMMERSLEY RD |
| | MADISON WI 53711 |

🛒 **Certificate of Status**

A Statement of Information is due EVERY year beginning five months before and through the end of January.

| Document Type ↕ | File Date ↓ | PDF |
|---|---|---|
| SI-COMPLETE | 12/13/2019 | |
| SI-COMPLETE | 11/28/2018 | |
| REGISTRATION | 01/14/2005 | |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not

currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.

- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

| Modify Search | New Search | Back to Search Results |

Exhibit 5
39

# E X H I B I T  "F"

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 294718 | FOR COURT USE ONLY |
|---|---|---|

NAME: Justin J. Eballar

FIRM NAME: ABIR COHEN TREYZON SALO, LLP

STREET ADDRESS: 16001 Ventura Blvd., Ste. 200

CITY: Encino    STATE: CA    ZIP CODE: 91436

TELEPHONE NO.: 310-407-7888    FAX NO. :

E-MAIL ADDRESS: jeballar@actslaw.com

ATTORNEY FOR (Name): Plaintiff ARIA N.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES

STREET ADDRESS: 312 N. Spring Street

MAILING ADDRESS: 312 N. Spring treet

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Spring Street Courthouse

Plaintiff/Petitioner: ARIA N.

Defendant/Respondent: TARGET CORPORATION, et al.

| **REQUEST FOR DISMISSAL** | CASE NUMBER: 20STCV35920 |
|---|---|

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice    (2) ☒ Without prejudice
   b. (1) ☐ Complaint    (2) ☐ Petition
      (3) ☐ Cross-complaint filed by (name):      on (date):
      (4) ☐ Cross-complaint filed by (name):      on (date):
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☒ Other (specify):* All actions ONLY against Defendants Schwinn Bicycle Co. and Dorel Sports

2. (Complete in all cases except family law cases.)
   The court ☐ did ☒ did not waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed.)

Date: 11/30/2020

Justin J. Eballar

(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)      ► _____ (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☒ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)      ► _____ (SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross Complainant

(To be completed by clerk)

4. ☐ Dismissal entered as requested on (date):

5. ☐ Dismissal entered on (date):    as to only (name):

6. ☐ Dismissal **not entered** as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed    ☐ means to return conformed copy

Date:      Clerk, by _____, Deputy

Page 1 of 2

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

Exhibit 4
34

<div align="right">**CIV-110**</div>

| | |
|---|---|
| Plaintiff/Petitioner: ARIA N.<br>Defendant/Respondent: TARGET CORPORATION, et al. | CASE NUMBER:<br>56-2020-00542044-CU-PO-VTA |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*

   a. ☐ not recovering anything of value by this action.

   b. ☐ recovering less than $10,000 in value by this action.

   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*    Yes     No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

_____    ▶     _____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)         (SIGNATURE)

---

<div style="display:flex; justify-content:space-between;">

CIV-110 [Rev. January 1, 2013]

**REQUEST FOR DISMISSAL**

Page 2 of 2
</div>

<div align="right">Exhibit 4<br>35</div>

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and am not a party to this action.  My business address is 16001 Ventura Blvd., Suite 200, Encino, CA 91436.

On November 30, 2020, I served the foregoing documents entitled:

**REQUEST FOR DISMISSAL**

on all interested parties to this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| Andrew Kohn, Esq.<br>PETTIT KOHN INGRASSIA LUTZ & DOLIN<br>Tel: (858) 755-8500<br>akohn@pettitkohn.com | *Attorney for Defendants*<br> Dorel Sports, Pacific Cycle, Inc, Schwinn Bicycle Co. |
|---|---|

☐     BY MAIL:  By placing a true and correct copy of the above-described document(s) in envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the above-named persons at the above-listed addresses and depositing such envelopes in a US mail collection box.

☐     BY OVER NIGHT DELIVERY, VIA GOLDEN STATE OVERNIGHT:  I gave the document(s) to our overnight courier service for its daily pick-up for delivery to the offices of the addressee, addressed as set forth above.

☐     BY PERSONAL SERVICE *(Ex Parte)*:  I personally delivered by hand to the attorney in attendance on behalf of the above-named counsel at the hearing of _____, in Department _____ of _____ the _____ Courthouse, _____, California.

☒     BY ELECTRONIC MAIL BY AGREEMENT: Per agreement between counsels, I transmitted said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☐     COURTESY COPY BY ELECTRONIC MAIL: I transmitted courtesy copies of said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☒     FEDERAL:     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

☒     STATE:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED on November 30, 2020, in Los Angeles, California.

Evelyn Najmi
_____
Type or Print Name

_____
Signature

1

PROOF OF SERVICE

Exhibit 4
36

# EXHIBIT "G"

| From: | Justin Eballar |
| --- | --- |
| To: | Andrew Kohn |
| Cc: | Evelyn Najmi; Carey Eshelman; Lisa Remsnyder; Teresa Saucedo |
| Subject: | RE: Aria N. v. Target, et al. - Ongoing M&C |
| Date: | Monday, December 7, 2020 4:42:44 PM |

Understood.  We cannot agree to limit damages.

**From:** Andrew Kohn <akohn@PettitKohn.com>
**Sent:** Monday, December 7, 2020 4:22 PM
**To:** Justin Eballar <jeballar@actslaw.com>
**Cc:** Evelyn Najmi <enajmi@actslaw.com>; Carey Eshelman <ceshelman@PettitKohn.com>; Lisa Remsnyder <lremsnyder@PettitKohn.com>; Teresa Saucedo <tsaucedo@PettitKohn.com>
**Subject:** Re: Aria N. v. Target, et al. - Ongoing M&C

Yes, unless your office would agree to limit damages to $75k

Sent from my phone, please excuse brevity and typos.


On Dec 7, 2020, at 4:13 PM, Justin Eballar <jeballar@actslaw.com> wrote:


We do.  Do you intend to file for removal?

Sent from my T-Mobile 4G LTE Device
Get Outlook for Android

---

**From:** Andrew Kohn <akohn@PettitKohn.com>
**Sent:** Monday, December 7, 2020 3:53:14 PM
**To:** Justin Eballar <jeballar@actslaw.com>
**Cc:** Evelyn Najmi <enajmi@actslaw.com>; Carey Eshelman <ceshelman@PettitKohn.com>; Lisa Remsnyder <lremsnyder@PettitKohn.com>; Teresa Saucedo <tsaucedo@PettitKohn.com>
**Subject:** RE: Aria N. v. Target, et al. - Ongoing M&C

Justin:  does your office view this case as one with greater than $75,000 in damages exposure?  I ask to sort out whether this belongs in state or federal court.  Please advise when you can.  Thank you.

Drew

**Andrew N. Kohn, Esq.**
CEO/Shareholder
Main (858) 755-8500
akohn@pettitkohn.com

<image001.png>

Exhibit 7
45

# EXHIBIT "H"

Andrew N. Kohn, Esq., SBN 166385
Carey J. Eshelman, Esq., SBN 300610
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
11622 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 755-8500
Facsimile: (858) 755-8504
E-mail: akohn@pettitkohn.com
           ceshelman@pettitkohn.com

**Attorneys for Defendant**
**PACIFIC CYCLE, INC.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| A. N., an individual, by and through Guardian ad Litem, AZADEH, SHIRAZI; and AZADEH SHIRAZI, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> TARGET CORPORATION, a Minnesota Corporation; DOREL SPORTS, an unincorporated business entity; PACIFIC CYCLE, INC., a Delaware Corporation; SCHWINN BICYCLE CO., an unincorporated business entity; and DOES 1-100, <br><br> Defendants. | CASE NO.: <br><br> **DECLARATION OF ANDREW N. KOHN, ESQ. REGARDING PACIFIC CYCLE, INC.'S CONSENT TO TARGET CORPORATION'S NOTICE OF REMOVAL OF ACTION** |

I, Andrew N. Kohn, Esq., declare:

1.     I am an attorney at law duly licensed to practice before all the courts of the State of California.  I am a shareholder with the law firm of Pettit Kohn Ingrassia Lutz & Dolin PC, attorneys of record for Defendant PACIFIC CYCLE, INC.

///

///

1

DEC. OF ANDREW N. KOHN RE CONSENT TO REMOVAL OF ACTION

1679-1022

2.    I am familiar with the facts and proceedings of this case and if called as a witness, I could and would competently testify to the following facts from my own personal knowledge.

3.    Defendant PACIFIC CYCLE, INC. consents to Defendant TARGET CORPORATION's removal of the above-captioned action.

4.    Defendant PACIFIC CYCLE, INC.'s Joinder and Consent to Notice of Removal Filed by TARGET CORPORATION will be filed immediately after Defendant TARGET CORPORATION's removal papers are filed with the Court.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct, except as to those matters which are stated upon information and belief, and as to such matters, I am informed and believe that they are true and correct.

Executed this 8th day of January 2021, in San Diego, California.


s/ Andrew N. Kohn
Andrew N. Kohn, Esq.
Email: akohn@pettitkohn.com

2
DEC. OF ANDREW N. KOHN RE CONSENT TO REMOVAL OF ACTION

## **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 515 S. Flower Street, 18th Floor, Los Angeles, California.

On **January 15, 2021**, I served the foregoing document(s) described as: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY); DECLARATION OF MARTIN D. HOLLY** on the interested parties in this action by sending a true copy of the document to the following parties as follows:

  X    (BY ELECTRONIC MAIL) I caused the document(s) to be successfully transmitted via electronic mail the offices of the addressees.

      (BY FACSIMILE) I transmitted, pursuant to Rule 2.306, the above-described document by facsimile machine (which complied with Rule 3003(3)), to the attached listed fax number(s).  The transmission originated from facsimile phone number (213) 419-5063 and was reported as complete and without error.

      **(BY US MAIL)** I caused such sealed envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.  I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service to:

### **SEE SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 15, 2021, at Los Angeles, California.

By:     *Jodie Alamillo*
             Jodie Alamillo
             An Employee of Resnick & Louis, P.C.

SERVICE LIST
SHIRAZI v. TARGET CORPORATION

***Attorneys for Plaintiffs***
***ARIA N., an individual, by and through Guardian ad Litem, AZADEH SHIRAZI;***
***and AZADEH SHIRAZI***

Boris Treyzon, Esq.
Justin Eballar, Esq.
ABIR COHEN TREYZON SALO, LLP
16001 Ventura Boulevard, Suite 200
Encino, California 91436
Telephone:  424.288.4367; Facsimile: 424.288.4368
Email:  btreyzon@actslaw.com
Email:  jeballar@actslaw.com


***Attorneys for Defendant Pacific Cycle***

Andrew N. Kohn, Esq.
Carey J. Eshelman, Esq.
PETTIT KOHN INGRASSIA LUTZ & DOLIN, PC
11622 El Camino Real, Suite 300
San Diego, California 92130
Telephone:  858.755.8500; Facsimile:  858.755.8504
Email:  akohn@pettitkohn.com
Email:  ceshelman@pettitkohn.com

PROOF OF SERVICE