UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-453 PA (RAOx) | Date | February 22, 2021 |
|---|---|---|---|
| Title | A.N. et al. v. Target Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

On September 21, 2020, Plaintiffs commenced this action when they filed a complaint against Defendants in Los Angeles Superior Court, Case No. 20STCV35920. On December 17, 2020, Pacific Cycle Inc. removed this action to federal court based on diversity jurisdiction. See A. N. et al v. Target Corporation et al., CV 20-11380, Dkt. 1. On December 21, 2020, the Court found that the removal was procedurally defective because Target had not consented to, or joined in, the Notice of Removal. Id. at Dkt. 9. The action was remanded to Los Angeles Superior Court, but the Court stayed its order until January 4, 2021 so that Plaintiffs would be afforded an opportunity to waive the procedural defect. Id.

On December 22, 2020, Target filed a Declaration with the Court that stated: "So that Target's position is clear, we consent to the removal to federal court." Id. at Dkt. 10. On January 5, 2021, the Court issued an order remanding the action to state court because Plaintiffs had not waived the procedural defect, and Target's Consent to Removal was insufficient to timely cure the procedural defect in the Notice of Removal. Id. at Dkt. 12. On January 6, 2021, a certified copy of the order of remand and a copy of the docket sheet from this Court was sent to Los Angeles Superior Court. Id. at Dkt. 13. On January 15, 2021, Target filed a Notice of Removal under Case No. 20-11380 PA (RAOx). Id. at Dkt. 14. The Clerk of the Court issued a Notice to Filer of Deficiencies because the case was closed. Id. at Dkt. 15. On January 19, 2021, the Court ordered that Target's Notice of Removal be stricken from the docket because the Court lacked jurisdiction to consider it. Id. at Dkt. 16.

On the same day that Target filed a Notice of Removal in CV 20-11380, Target also filed a second Notice of Removal under a new case number. (Dkt. 1.) This action involves the same factual disputes between the same parties that were raised in CV 20-11380. Moreover, the Notice of Removal appears to be identical to the one that Target filed in CV 20-11380. Despite these similarities, removing defendant Target failed to file a Notice of Related Cases, or even indicate in the Notice of Removal that this action is related to CV 20-11380. Target also marked "No" on the Civil Cover Sheet's questions asking (1) "Is this case related . . . to any civil or criminal case(s) previously filed in this court?" and (2) "Has this action been previously filed in this court?" (Dkt. 2.) In addition, counsel for co-defendant Pacific Cycle and counsel for Plaintiffs failed to promptly alert the Court that the cases were related. It was not until February 18, 2021 that this action was reassigned to this Court on the basis that it was identified as identical to CV 20-11380. (Dkt. 16.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-453 PA (RAOx) | Date | February 22, 2021 |
|---|---|---|---|
| Title | A.N. et al. v. Target Corporation, et al. | | |

Local Rule 83-1.3 provides that it "shall be the responsibility of the parties to promptly file a Notice of Related Cases whenever two of more civil cases filed in this District: (a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges." Local Rule 83-1.3 also states that the Notice of Related Cases "must be filed at the time any case (including a notice of removal or bankruptcy appeal) appearing to relate to another is filed, or as soon thereafter as it reasonably should appear that the case relates to another."

For these reasons, the Court hereby orders counsel for all parties to appear before this Court via zoom on Thursday, February 25, 2021 at 11:00 a.m. to show cause why they should not be sanctioned for failure to disclose that this action is related to Case No. CV 20-11380 PA (RAOx). In addition, the Court hereby orders counsel for defendants to file with the Court all correspondence between counsel for Defendants that took place in November and December 2020 regarding the removal of this action to federal court. Any communications that defense counsel claim to be privileged or work product may be filed in camera and under seal. Defense counsel shall file all such correspondence no later than Wednesday, February 24, 2021 at noon. **The Court warns all counsel that failure to appear at the telephonic hearing on February 25, 2021 may result in sanctions, including but not limited to issuance of an order to show cause regarding contempt.**

IT IS SO ORDERED.

Please click the link below or paste the link into your browser to join the Zoom webinar:

https://cacd-uscourts.zoomgov.com/j/1604406150?pwd=azl2dk4rcFhvUjJBNmhKLzZoLzRTZz09
Webinar ID: 160 440 6150
Passcode: 397384
Or Telephone:
Dial (for higher quality, dial a number based on your current location):
US: +1 669 254 5252 or +1 646 828 7666
International numbers available: https://cacd
uscourts.zoomgov.com/u/aeaElYdrKv
Webinar ID: 160 440 6150
Passcode: 397384