JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-453 PA (RAOx) | Date | February 25, 2021 |
|---|---|---|---|
| Title | A.N. et al. v. Target Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

On September 21, 2020, Plaintiffs commenced this action when they filed a complaint against Defendants in Los Angeles Superior Court, Case No. 20STCV35920. On December 17, 2020, Pacific Cycle Inc. removed this action to federal court based on diversity jurisdiction. See A. N. et al v. Target Corporation et al., CV 20-11380, Dkt. 1. On December 21, 2020, the Court found that the removal was procedurally defective because Target had not consented to, or joined in, the Notice of Removal. Id. at Dkt. 9. The action was remanded to Los Angeles Superior Court, but the Court stayed its order until January 4, 2021 so that Plaintiffs would be afforded an opportunity to waive the procedural defect. Id.

On December 22, 2020, Target filed a Declaration with the Court that stated: "So that Target's position is clear, we consent to the removal to federal court." Id. at Dkt. 10. On January 5, 2021, the Court issued an order remanding the action to state court because Plaintiffs had not waived the procedural defect, and Target's Consent to Removal was insufficient to timely cure the procedural defect in the Notice of Removal. Id. at Dkt. 12. On January 6, 2021, a certified copy of the order of remand and a copy of the docket sheet from this Court was sent to Los Angeles Superior Court. Id. at Dkt. 13.

On January 15, 2021, Target filed a Notice of Removal under Case No. 20-11380 PA (RAOx). Id. at Dkt. 14. On the same day, Target also filed a second Notice of Removal under a new case number. (Dkt. 1.) The CV 20-11380 Notice of Removal was filed on January 15th at 5:01pm, and the CV 21-453 Notice of Removal was filed on January 15th at 5:44pm. On January 19, 2021, the Clerk of the Court issued a Notice to Filer of Deficiencies in CV 20-11380 because (1) the case was remanded to state court and (2) the case is closed. See A. N. et al v. Target Corporation et al., CV 20-11380, at Dkt. 15. On January 19, 2021, the Court ordered that Target's Notice of Removal be stricken from the docket because the Court lacked jurisdiction to consider it. Id. at Dkt. 16.

On January 22, 2021, Target filed a Motion to Dismiss Plaintiffs' request for punitive damages in this action. (Dkt. 10.) On February 8, 2021, Plaintiffs filed their Opposition to the Motion to Dismiss. (Dkt. 14.) Plaintiff argued in part that: "[T]his case was Removed to this Court after another Court remanded the case twice on procedural defects. (See CDCA 2:20-cv-11380-PA-RAO, docket no. 13, 14-17, Jan. 5-21, 2021.) The Defendant Target's Notice of Removal presents no facts discovered after this case's remands by Judge Anderson on December 21, 2020 and January 21, 2021, despite such facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-453 PA (RAOx) | Date | February 25, 2021 |
|---|---|---|---|
| Title | A.N. et al. v. Target Corporation, et al. | | |

being required for a second removal after an order to remand based on procedural defects when no new facts have been discovered." (Id. at 5.) The Court construes this as a Motion to Remand on the basis that Target's CV 21-453 Notice of Removal was an invalid successive removal.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

"As a general rule, a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action." Allen v. Utiliquest, LLC, 2014 WL 94337, at *2 (N.D. Cal. Jan. 9, 2014). "A successive removal petition is only permitted upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a new and different ground for removal.'" Reyes v. Dollar Tree Stores, Inc., 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting Kirkbridge v. Cont'l Cas. Co., 933 F.2d 729, 732 (9th Cir. 1991)). "Where a court has previously remanded a removed action for a defendant's failure to meet its burden, successive notices of removal . . . generally must be based on information not available at the prior removal." Sweet v. United Parcel Serv., Inc., 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009). Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 64 (D. Conn. 1995).

Here, Target fails to explain how this is a valid successive removal. After the Court had remanded this action due to a procedural defect in Pacific Cycle's Notice of Removal, Target filed a Notice of Removal in CV 20-11380. Less than one hour later, Target filed a second Notice of Removal under a new case number. Both of Target's Notices of Removal contain identical allegations in support of removal. Target's second Notice of Removal in CV 21-453 did not identify a new paper from Plaintiffs, a change in the pleadings, or any other facts or events that might have revealed a new and different ground for removal. Thus, it appears that this removal was not based on a substantial change in the nature of the case since it was last in this Court. Without more, Target failed to provide support for a proper successive removal.

Plaintiffs timely raised objections to the removal via their Opposition to the Motion to Dismiss, which was filed less than thirty days after Target removed the action. In particular, Plaintiffs argued that the CV 21-453 Notice of Removal "presents no facts discovered after this case's remands by Judge Anderson on December 21, 2020 and January 21, 2021, despite such facts being required for a second

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-453 PA (RAOx) | Date | February 25, 2021 |
|---|---|---|---|
| Title | A.N. et al. v. Target Corporation, et al. | | |

removal after an order to remand based on procedural defects when no new facts have been discovered." (Dkt. 14 at 5.)  In response, Target's Reply brief alleges in a conclusory manner that: "When Target removed this matter, Plaintiffs had filed and served the First Amended Complaint, complete diversity existed between the parties, and it had been asserted that Plaintiffs' damages exceeded $75,000." (Dkt. 15 at 2.)  This is insufficient to establish that Target's removal in this action constituted a valid successive removal.  Compare Robin Invs., Inc. v. Shkolnik, 2013 U.S. Dist. LEXIS 193996, at *2-3 (C.D. Cal. July 18, 2013) ("A second removal, however, must be on grounds, either factual or legal, that are different from those asserted in the first removal."); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006) (Ninth Circuit does not "charge defendants with notice of removability until they've received a paper that gives them enough information to remove.").

When the parties appeared before the Court on February 25, 2021, the Court informed them that it would construe Plaintiffs' Opposition as a Motion to Remand.  Plaintiffs confirmed that they still objected to the removal on the grounds that it had been an improper successive removal.  The Court afforded Defendants an opportunity to present arguments as to why the Court should find there was a valid successive removal.  However, Defendants informed the Court that they had no additional arguments to present, and they were unable to identify any case law that would establish their Notice of Removal was valid.

For these reasons, the Court concludes that Target's Notice of Removal is an invalid successive removal and is therefore procedurally defective.  See 28 U.S.C. § 1446(b).  The Court hereby remands this action to Los Angeles County Superior Court, Case No. 20STCV35920.  See 28 U.S.C. § 1447(c).[1/]  Finally, the Court withdraws its order to show cause as to why the parties should not be sanctioned for failure to disclose that this action is related to Case No. CV 20-11380 PA (RAOx).

IT IS SO ORDERED.

---

[1] The Court declines to address Target's Motion to Dismiss the request for punitive damages in the First Amended Complaint, (Dkt. 10). Those issues are best addressed by the court in the Los Angeles County Superior Court.